JAMES A. HODGE *v.* EDMUND MANLEY.

*Book Account.   Statute of Limitations.*

Where one, who was engaged in different employments, kept separate day-books for each, *it was held*, that the mere mode of keeping the accounts cannot affect the rights of the parties; and that in whatever manner the charges are entered, if, by their mutual expectation, the charges were all made with reference to a future settlement and adjustment, they are to be treated as one account, and as if entered in one common day-book.

When the account is all on one side, it has not the character of mutual accounts, and so far as the statute of limitations is concerned, the cause of action arises from the date of each item, and they are respectively barred, when more than six years have intervened between their dates and the commencement of the suit.

In mutual accounts, every item of credit removes the effect and operation of the statute from all previous charges, so that the statute commences running thereon, only from the date of the last entry of credit; but the item of credit must arise from the mutual act and consent of both parties, and with the understanding, express or implied, that it is to enter into the mutual dealing or account, and be the subject of future adjustment in ascertaining the general balance due thereon.

But when a payment is made, with specific application to one or more particular items, it is a mere recognition of those particular charges upon which the application is made, and cannot be considered an acknowledgment of an open and unliquidated account, or of any balance due thereon.

BOOK ACCOUNT. Judgment to account was rendered in the County Court, and an auditor was appointed, who reported substantially the following facts:

That there is due from the defendant to the plaintiff the sum of one hundred and eleven dollars and eighty-two cents, to balance book accounts between them, if the court should be of the opinion that plaintiff's account is not barred by the statute of limitations, from the following facts found.

That all of the plaintiff's account, except about three dollars, accrued and was charged to defendant between the seventh day of November, A. D. 1829, and the twenty-seventh day of December, 1838, during which time plaintiff was engaged in the mercantile business, and up to February first, A. D. 1833, also carried on the blacksmith business; his store and shop were in Dorset. That all the items of credit upon plaintiff's book, except those for cash, were made between the 8th day of November, 1830, and the 12th day of May, 1844; and the writ in this case was dated May 30th, 1850, and served May 31st, 1850.

That all the credits for cash were made and kept by the plaintiff on a book by themselves, on which he kept his post office accounts only, the plaintiff being postmaster at said Dorset; and that plaintiff's account against the defendant on said book, amounting to the sum of $2,71, accrued and was charged between July first, 1844, and September third, 1845, and the said credits for cash between the 18th day of November, 1844, and September the 6th, 1845; and that said post office account was balanced and adjusted, by the parties, on said book. That afterwards, the said post office charges and credits, each amounting to the sum of $2,71, were carried in one item of debt and credit, as "*from post office book,*" to the ledger of the plaintiff, and into the general account against the defendant, under date of September 6th, 1845. That plaintiff's accounts for goods sold, blacksmithing and postage, were charged on separate day books, but all posted upon one ledger. That, if the court, from the above facts, are of opinion that plaintiff's account is barred by the statute of limitations, then the audit-

or finds nothing due from defendant to plaintiff, to balance book accounts between them.

The County Court, June Term, 1852,—PIERPOINT, J., presiding,—held and decided that the plaintiff's claim was barred by the statute of limitations, and rendered judgment on the report for the defendant.

Exceptions by plaintiff.

*Leonard Sargeant* for plaintiff.

In this case the defence is without equity, and should not be tolerated, unless the rigid rules of law imperiously demand it.

1. In mutual accounts, each new item of credit or payment takes the whole account out of the statute, and continues the running account. *Abbott* v. *Keith*, 11 Vt. 525.

The character of the transaction is not changed by the manner in which the plaintiff makes the entries on his book, nor is the defendant to be benefited by withholding his own book of entries.— *Barlow* v. *Butler*, 1 Vt. 146. *Tobias* v. *Blyn*, 21 Vt. 544. *Scott* v. *Lance*, 21 Vt. 507.

2. The plaintiff carried on *three* branches of business, and his accounts were necessarily kept upon *three* day-books, and all posted upon one ledger; and must all, from necessity, be adjusted in one suit. Comp. Stat. Book Acct.

The charges and credits upon the post office book were as much a part of the mutual dealings of the parties, as the merchandizing at the store, or the labor at the blacksmith's shop. *Sargeant* v. *Pettibone*, 1 Aik. 355.

The transcript of the account shows a running mutual account of letters and papers upon the post office book, and credits of cash at various times, coming within six years before the date of the writ. These charges and credits clearly take the case out of the statute. *Hutchinson* v. *Pratt*, 2 Vt. 146. *Wood* v. *Barney*, 2 Vt. 369. *Abbott* v. *Keith*, 11 Vt. 525.

*Daniel Roberts* for defendant.

The credits upon the post office account can have no effect to revive the other accounts. They were payments, to have a specific application to that account, and were so received and applied in extinguishment of it.

Hodge *v.* Manley.

They were not payments upon "the general account," and had no "reference to the balance of the general account," as in *Abbott* v. *Keith,* 11 Vt. 525 ; not a part payment, implying the admission of a greater sum due, as by PARK, B., in *Davies* v. *Edwards,* 6 Eng. L. & E. 520 ; and in *Tippets* v. *Heane,* 1 C. M. & R. 252.

There was no looking over of the general account, and a separation of the post office account, without objection to the other items, as in *Sanderson* v. *The Milton Stage Co.,* 18 Vt. 107.

The opinion of the court was delivered by

ISHAM, J.   The auditor has reported a balance of accounts due the plaintiff, subject to the question, whether the same is barred by the statute of limitations.   The fact reported by the auditor, that the plaintiff was engaged in different employments, and that separate day-books were kept for each, can make no important difference in the case, as the rights of the parties cannot be affected by the mere mode of keeping the account.   In whatever manner the charges are entered, if, by their mutual expectation, they were all made with reference to a future settlement and adjustment, they are to be treated as one account, and as if entered in one common day-book.

It has uniformly been held, that distinct and different items of charge, in an open and mutual account, do not constitute separate claims ; but that the *claim or debt* is found in the *balance of the account ;* and that it is the balance only, that constitutes the claim of the party to whom it is due.   When the account is all on one side, it has not the character of mutual accounts, and, so far as the statute of limitations is concerned, the cause of action arises from the date of each item ; and they are respectively barred, when more than six years have intervened between their dates and the commencement of the suit.   In the case of mutual accounts, if more than six years have elapsed since the last item of charge and credit, and the commencement of the suit, the whole account is barred.   The remedy of the party thereon is taken away by the statute.   But in relation to such accounts, the decisions have been uniform, that the cause of action accrues from the last item, and has reference to the balance of the general account ; and that every item of credit removes the effect and operation of the statute from all previous charges, so that the statute commen-

ces running thereon, only from the date of the last entry of credit. This rule is founded on the principle, that every new item of credit, or part payment, is an acknowledgment of an open, mutual, and unliquidated account, and is equivalent to a new promise to account, and pay the balance thereon due. These general principles are sustained by the case of *Abbott* v. *Keith,* 11 Vt. 529.— When it is said, however, that every new item of credit, or part payment, revives all preceding charges, and prevents the operation of the statute of limitations, it must be understood with this qualification: that the item of credit must arise from the mutual act and consent of both parties, and with the understanding, express or implied, that it is to enter into and become a part of their mutual dealing or account, and to be the subject of future adjustment in ascertaining the general balance due thereon. For there is no propriety in permitting a party to defeat the operation of the statute on a mutual account, by making entries of credit, unless the charge has arisen by consent, or in their usual course of dealing. The same principle applies, as a general rule, where there has been a part payment in money, on such an account. If that is made within six years, it will prevent the statute bar. But the payment must be made on the general account, and with a view to affect the general balance. Such payment will have the same effect as any new item of credit, in removing the effect of the statute ; for it is an acknowledgment of an open account, and is equivalent to a promise to pay the balance. But a difference is to be observed between a payment on the general account, and payments made with specific application to one or more particular items. When such *specific application* is made, it is a mere recognition of those particular charges, upon which the application is made, and cannot be considered an acknowledgment of an open unliquidated account, or of any balance due thereon.

The application of these principles to this case is rendered in some respects difficult, from the want of a more specific report of facts from the auditor. From the transcript of the account of these parties, which has been sent up with the report, we perceive that the plaintiff's account commenced in 1829, and continued through successive years to September 1845. The store and blacksmithing account closed in December, 1838. The addition of the charges, and payment of the post office account, con-

tinued the account to 1845. The items of credit also commenced in 1829, and, including the payments of postage, continued to 1845. This suit was commenced May 30, 1850. It is evident, therefore, that if reference is had simply to the dates of the charges and credits, the account of the plaintiff is not barred; for six years have not intervened between the close of the account, and the commencement of this suit. It is insisted, however, that those entries on the account, which have been made within six years, can have no effect to prevent the operation of the statute, and that, notwithstanding those entries, the account of the plaintiff is barred by the statute.

In relation to the two last items of credit, for plow points and castings, under date of May, 1845, the auditor has found that the date should be May 12th, 1844. This is more than six years before the commencement of this suit, and, therefore, these charges can have no effect in removing the statute bar; we can give no effect to the item of credit for a note given up, as the auditor has stated no facts in relation to it; whether that credit was made by their mutual consent, and with the understanding that it was to be a part of their account, and to be adjusted in the final balance, is not stated; and it will have no effect to remove the statute bar, unless those facts are affirmatively found and stated in the report; and besides, it does not appear that any claim of that kind was made before the auditor; but on the contrary, the report shows, that the only question there made was, whether the post office account, and the payment of the same, would prevent the operation of the statute. The fact in relation to that item is not sufficient, as an acknowledgment of an open and unsettled account.

The case is then brought to the general question, whether the bringing forward the post office account, and payments made thereon, will have the effect to remove the statute bar on the whole account? It is to be observed, that independent of the post office account, all the dealings between the parties closed on the 27th of December, 1838, leaving about twelve years intervening between the close of the account, and the commencement of the suit. If the statute bar is removed, it is only therefore, by bringing forward the credits or payments made on that account. If those payments were made on the plaintiff's account generally, it would be such an acknowledgment, as would revive the whole account.—

Hodge *v.* Manley.

The auditor has found, that these payments, when made, were credited on the post office account, and that the parties afterwards settled that account, by making that specific application, as credited. From the character of the payments, and the facts as found, we are led to regard those payments as having been made under a specific application on those items, and without any intention of having them enter into a general account, to be the subject of future adjustment, and that such is in fact the finding of the auditor. The payments are, therefore, not to be regarded as credits, or as proper items of entry on book. Their effect is to extinguish those items of account, on which they were to apply; so that the items of charge and payments are not to be regarded as subsisting claims; and the account should be considered by the auditor, as if those items constituted no part of the account.

By the later English authorities, in order to remove the statute bar, the *mere fact of part payment* is not of itself conclusive; the payment must have been made as *part payment of a greater debt,* and under circumstances that will warrant the jury in finding *a promise to pay the remainder* of the debt. *Wainman* v. *Kynman,* 1 Excheq. R. 118. *Tippets* v. *Heam,* 1 C. M. & R. 252. *Waugh* v. *Cope,* 6 M. & W. 828. It is unnecessary now, to say whether the rule, to that extent, would be adopted in this state; but we entertain a clear conviction, that payment of specific items of charge, unaccompanied by any circumstances showing a recognition of any other account, will not be sufficient to remove the operation of the statute. The payment, at least, must have been made on the general account, and with a view to affect the general balance, thereby acknowledging the existence of an open, running account, which is to be the subject of future adjustment. The payments, in this case, having been made under a specific application to the post office account, without any circumstances showing a recognition of any other dealing between them, or of an open and subsisting account, we think they are not sufficient to prevent the statute from barring the claims.

The judgment of the County Court must be affirmed.