Mr. Justice DAVIS
 

 delivered the opinion of the court.
 

 We think the Court of Claims erred in deciding that the claimant was not barred by the provision in tiie act reorganizing that court. The claim accrued on the 31st of July, 1863, because the services were rendered at that time. The petition was not filed until six years afterwards. The claim was, therefore, barred by the statute, unless, in some way, taken out of it. It is insisted that this has been done by a payment of a portion of the demand within the six years, and this presents the only question for consideration.
 

 This court has' not adopted the rule of decision made at
 
 *256
 
 one time in England,
 
 *
 
 and to some extent in this country, under which, by a constructive equity, judicial refinements came near to abolish the statute altogether. On the contrary, following the decisions of the English courts,
 
 †
 
 made more immediately after the passage of the statute of James I, we have sought to give to it full effect. In 1814, Marshall, C. J., delivering the judgment of this court, declared
 
 ‡
 
 that the statute of limitations was entitled to the same respect as other statutes, and should not be explained away. The same doctrine has been asserted in subsequent decisions.
 
 §
 

 It results from these cases that a promise to pay cannot be inferred from the mere fact of payment of part of a debt, there being nothing to raise a presumption that it was a payment on account of this debt. The principle on which part payment takes a case out of the statute is, that the party paying intended by it to acknowledge and admit the greater debt to be due. If it was not in the mind of the debtor to do this, then the statute, having begun to run, will not be stopped by reason of such payment. It is too plain for controversy that the payment in question was not intended as an acknowledgment of the demand sued for. Instead of being applicable to an admitted debt, it was in denial of the right to further payment. The sum paid was the exact amount due under the written agreement, and was in discharge of the obligation imposed by it. That agreement was acknowledged, while the verbal arrangement made by the assistant quartermaster was repudiated. It is difficult to see how a payment in full of an admitted contract can be converted into an acknowledgment of one which was denied.
 

 
 *257
 
 The case of the claimant is in some of its aspects worthy of consideration, but as it was not filed in the Court of Claims until barred by the statute, we are not at liberty to discuss its merits.
 

 Judgment reversed, and the cause remanded to the Court of Claims, with directions to
 

 Dismiss the petition.
 

 *
 

 See Trueman
 
 v.
 
 Fenton, Cowper, 548; Quantock
 
 v.
 
 England, 5 Burrow, 2628; Yea
 
 v.
 
 Fouraker, 2 Id. 1099.
 

 †
 

 Dickson
 
 v.
 
 Thomson, 2 Shower, 126; Andrews
 
 v.
 
 Brown, Precedents in Chancery, 385; Williams
 
 v.
 
 Gun, Fortesque, 177; Bland
 
 v.
 
 Haselrig, 2 Ventris, 152; and Benyon
 
 v.
 
 Evelyn, A. D. 1664, Sir Orlando Bridgman’s Judgments, 324; all referred to in Angelí on Limitations, pp. 18, 212, fifth edition, 1869.
 

 ‡
 

 Clementson
 
 v.
 
 Williams, 8 Cranch, 72.
 

 §
 

 Bell
 
 v.
 
 Morrison, 1 Peters, 351; McCluny
 
 v.
 
 Silliman, 3 Id. 270.