Mr. Justice MacArthur
delivered the opinion of the court:
By reference to the statute, it is clear that issues of law are the subject of trial. The language of the act is, “ Issues of law may be tried at a circuit court or special term.” And, again, “At any time after issue, and at least ten days before the sitting of the court, either party may give notice of trial.”
It is also provided that a note of issue shall be furnished to the clerk in order to enter the cause upon the trial calendar, and this is plainly as applicable to issues of law as to issues of fact. ' By the express words of this section, therefore, an issue of law can only be tried upon a notice of ten days before the term, and having the cause regularly placed upon •the calendar by the clerk. This is in exact conformity to the practice prescribed in Buies 42 to 47, inclusive, which were in force at that time. When there is an issue of fact as well as of law, one notice will be sufficient, and of course it will generally be expedient to have the demurrer disposed of first. *242 That a joinder in demurrer produces an issue of law cannot now be a matter of any doubt, and the practice in regard to-noticing it for trial, and entering it upon the calendar of the court where the cause is pending, must be the same as in cases-in which there is an issue of fact. Rule 47, recently adopted, as far as it contravenes the statute in this respect, is inoperative and void.
The record in this case shows that the plaintiff joined issue-to the demurrer on the 12th of November, 1874, and gave a-two days’ notice of argument. The cause had never been entered on the calendar. Upon this notice, and in the absence ■of the defendant, the plaintiff obtained the order of the court-overruling the demurrer. We think the plaintiff could not proceed to argument or trial without having given notice at least ten days before the sitting of the court, as is required by the act of Congress; and the court ought to have set the order aside for this irregularity. The point is not of practical importance in this case, for the court below set the order aside, and allowed the defendant leave to plead as advised.. The construction we have put on the statute and rules of court relate, however, to an important point in practice, which ought no longer to be left in uncertainty. We have, therefore, passed upon the point.
The defendant, having obtained leave to plead without any qualification except as advised, interposed a plea of the statute of limitations, which the court afterward struck out upon the application of plaintiff, and upon affidavits furnished by the latter explaining and sustaining his cause of action. The law of the District of Columbia in respect of the limitations of actions is the Maryland act of April, 1715, chap. 23. Its purport is that all actions of this kind shall be sued within three years from the time the right of action accrued, and. “ not after.” The decisions in Maryland are founded on rules-of court requiring that if the defendant neglect to plead by the rule-day, he shall not plead the act of limitations unless the declaration shall be amended. There is no such rule here, and the decisions are, therefore, not in point. These decisions are also inapplicable to this case, for the reason that defendant was not in default for want of a plea.
Terms are sometimes imposed upon a defendant as a condi *243 tion of relieving him from the consequences of his own neglect. A demurrer which goes to the substance of the action and upon which issue has been joined ought, not to place a. party who interposes it on the same footing with one who has taken no care to comply with the rules of court. If the decision upon the demurrer is against him, he ought not to be precluded afterward from any lawful defense he may have in bar of the action. The plea is now regarded with the same favor as other defenses. The ancient prejudices-have passed away, and the prevalence of judicial opinion is now in favor of a just and reasonable construction of the statute. The Supreme Court of the United States have sanctioned this doctrine perhaps more clearly than any other tribunal.
In Clemenson vs. Williams, 8 Cranch, 72, Chief Justice Marshall declares that “ the statute of limitations is entitled to the same respect with other statutes, and ought not to be explained away.” In Bell vs. Morrison, 1 Pet., 351, the language of the court is still more expressive, Mr. Justice Story saying that it is a wise and beneficial law, not designed merely to raise a presumption of payment of a just debt from the lapse of time, but to afford security against stale demands-after the true state of the transaction may have been forgotten, or be incapable of explanation, by reason of the death or removal of the witnesses.” To the same effect are McClury vs. Silliman, 13 Pet., 270, and United States vs. Wilder, 13 Wall., 254.
The expediency and justice of the act of limitations are now generally recognized, and the authority of decisions discordant with its policy have been greatly impaired. The present case comes within the express language of the opinion in Bell vs. Morrison, for here the party who made the notes, and upon whose estate they are sought to be charged, is “ incapable of explanation by reason of her death.”
We think the court should have permitted the plea to stand. The judgment must therefore be reversed, and all proceedings in the case set aside from and after the joinder in demurrer.