Hicks' Estate *v.* Blanchard.

## JOSEPH H. HICKS' ESTATE *v.* MERRITT L. BLANCHARD.

*Attorney. Statute of Limitations. Date. Parent and Child.*

1. PRIVILEGED COMMUNICATIONS. The attorney of a client will neither be compelled, nor permitted, to disclose papers delivered, or communications made to him by his client, without his client's consent, when the validity of the claims described in the papers is in controversy; thus, the attorney who brought the suit was properly excluded from testifying in behalf of the defendant, that while he was the attorney of record for the plaintiff he furnished the defendant's agent a specification of the plaintiff's claim, which differed materially from the one on file in the case; and such agent was also properly excluded as a witness.

2. Under the statute,—R. L. s. 26,—which provides, that when time is to be reckoned from a day or date, or act done, such day, date, etc., shall not be included in the computation, the day, upon which a payment was made upon a promissory note, is excluded in determining whether the Statute of Limitations is a bar.

3. The plaintiff lived in the defendant's family, furnished some provisions and performed some labor, but the referee found that neither party expected that they were to be paid for, and that there was neither an express nor an implied promise; *Held,* that there could be no recovery.

4. Payments, not made upon the general account, but to apply upon specific items, do not prevent the operation of the Statute of Limitations.

5. The manner in which an account is kept is unimportant in its bearing as to the operation of the statute; thus the plaintiff usually kept his account with the defendant on a large book and with apparent care; but during three months of one year he furnished feed for his horses, and at the same time the defendant delivered to him 140 lbs. of pork, and these items, both debt and credit, were kept on a diary, showing a balance due the defendant; *Held*, as there was no direction by the defendant, and no facts found by which the court could infer that he intended a different application, that the creditor could make the application upon any indebtedness of defendant.

ASSUMPSIT to recover upon a promissory note on an account. Heard on a referee's report, March Term, 1887, POWERS, J., presiding. Judgment for the plaintiff to recover $1,970.41.

This suit was brought by Joseph H. Hicks, who deceased in 1884, and it is now prosecuted by his executrix. As to items 9, 10, 11 and 12, it appeared that the defendant's wife was a daughter of Hicks, and that the plaintiff and his wife went to live with defendant, and took with them provisions, and performed some labor; and these items were for the provisions and labor.

It was found as to the testimony of H. W. Brigham and Stetson as follows:

" The defendant called H. W. Brigham as a witness, who testified that in 1881 he was a practicing lawyer in this county, and brought this suit. The defendant's counsel then offered to prove by the witness that one N. L. Stetson, at the defendant's request, applied to the witness, while he was the attorney of record in the case for said Joseph H. Hicks, for a specification of the plaintiff's claim upon which the suit was brought; that the witness thereupon furnished said Stetson with a copy of the note in suit in the handwriting of the witness, and a copy of said Hicks' account in said Hicks' handwriting, which account materially differs from the plaintiff's specification on file in this case. To this evidence the plaintiff objected, and I excluded it, to which the defendant's counsel excepted.

" Defendant's counsel asked the witness the following question : ' State whether or not, as counsel or agent of Joseph

H. Hicks, in his lifetime, you furnished the defendant or his agent a copy of Hicks' account against the defendant in this case.' The question was objected to and excluded, to which the defendant's counsel excepted.

" N. L. Stetson was called as a witness, and defendant's counsel offered to show by him that at the defendant's request he called on said Brigham, while he was attorney of record for said Joseph H. Hicks, and asked him for a copy of the plaintiff's account and note ; that Brigham said he had not got them then, but would obtain them from the plaintiff and bring them to him, and did so. Counsel offered the said copy of account in evidence, which, with the evidence offered, was objected to by plaintiff's counsel and excluded, to which the defendant excepted."

And as to the delivery of the 140 lbs. of pork, in part :

" I submit to the court as a question of law whether or not this diary account or the $8.40 item therein, took said items 1 to 8 out of the Statute of Limitations. If it is a question of fact for me to determine whether or not any of said items of credit were intended by either party to apply on any other account than said account for feed, I find that they were not, aside from the $8.40 for pork ; and, as said Hicks had a large book on which he had kept in ink, and apparently written with care, certain items of debit and credit with the defendant, and did not enter thereon the $8.40, I find from that fact that neither party understood that the $8.40 was to apply in part payment of items 1 to 8, or that it had any connection with them. On said Hicks' large book are charged the first 7 items of the specification, the last of which is under date of December 15, 1871, and it contains certain credits which are on the specification, the last of which is under date of January 22, 1873."

The other facts are stated in the opinion.

*Waterman, Martin & Hitt*, for the defendant.

The action must be commenced within six years after the cause of action accrues. R. L. s. 959.' When a part payment

is made upon a promissory note, the debtor has no right to the *whole* day or the *remainder* of the day in which to pay the balance. The right of action for the balance is simultaneous with the first payment, and has its origin from that act; therefore the day of the act should be included in the computation. *Norris* v. *The Hundred of Gawry*, Hob. 139; *King* v. *Adderly*, Doug. R. 463; *Bellasis* v. *Hester*, 1 Lord Kaym. R. 280; *Glassington* v. *Rawlins*, 3 East, 407; *Castle et al.* v. *Burditt*, 3 D. & E. 623; Clayton's Case, 5 Rep. 1; *Osbourn* v. *Rider*, Cro. Jac. 135; *Price* v. *Hundred of Chewton*, 1 P. Wms. 437.

When we consider some of the American authorities it is somewhat difficult to adopt any reasoning that is entirely consistent with them all.

Let the line be drawn so as to include the day of the act when the party against whom the time runs is privy to the act, and excluding it when he is not a privy thereto; and the contradictory decisions that seemed to trouble Angell in his work on Limitations will mostly disappear. *Presbery* v. *Williams*, 15 Mass. 193; *Little* v. *Blunt*, 9 Pick. 488; *Atkins* v. *Sleeper*, 7 Allen, 487; *Perry* v. *Provident Ins. Co.* 99 Mass. 162; *Arnold* v. *U. S.* 9 Cranch, 120; *Priest* v. *Tarlton*, 3 N. H. 93; *Blake* v. *Crowningshield*, 9 N. H. 303; *Rand* v. *Rand*, 4 N. H. 267.

If a present vested right is to commence from a date, the day of the date is included, but if the date is merely to fix a terminus from which to compute, the day of the date is excluded. *Pearpoint* v. *Graham*, 4 Wash. (Cir. Co.) 232.

The 140 lbs. of pork was not delivered to apply on payment of items 1 to 8, and it had no connection with them. Neither party understood that it was so to apply. *Hodge* v. *Manley*, 25 Vt. 210; *Harris* v. *Howard*, 56 Vt. 695.

It was error to exclude the testimony of Brigham and Stetson. 1 Greenl. Ev. s. 244; *Earle* v. *Grout*, 46 Vt. 113; *Coon* v. *Swan*, 30 Vt. 6.

*S. T. Field*, for the plaintiff.

The testimony of Brigham was rightly excluded. 1 Greenl.

Ev. ss. 186, 237, 240; *Briggs* v. *Hodgdon*, 3 New Eng. Rep. 282. Much more so was that of Stetson. *Parmeter* v. *Coburn*, 6 Gray, 509; *Collins* v. *Stephenson*, 8 Gray, 438.

The action was seasonably commenced. The day upon which the cause of action accrued is to be excluded from the computation. *Blackburn* v. *Nearing*, 43 Conn. 56; *Weeks* v. *Hull*, 19 Conn. 381; *Bigelow* v. *Wilson*, 1 Pick. 487; *Paul* v. *Stone*, 112 Mass. 27; *Bemis* v. *Leonard*, 118 Mass. 502 and cases cited; *Cornell* v. *Moulton*, 3 Denio, 12; *McGraw* v. *Walker*, 2 Hill (N. Y.) 404, 508; *Owne* v. *Slater*, 26 Ala. 547; *Warner* v. *Slade*, 23 Mich. 1; *Menges* v. *Frick*, 73 Penn. St. 137; Angell on Lim's, Ch. 6 and cases cited; Wood on Limitations, Ch. 5; *Robinson* v. *Robinson*, 32 Vt. 738, 740; *Muzzy* v. *Howard*, 42 Vt. 23; *Pellow* v. *Wonford*, 9 Barn. & Cress. 134; *Hardy* v. *Ryle*, 9 Barn. & Cress. 603; *Williams* v. *Burgess*, 11 Ad. & Ellis, 635.

On the facts reported, the Statute of Limitations is not a bar. *Penniman* v. *Rotchm*, 3 Met. 216; *Abbott* v. *Keith*, 11 Vt. 525, 529; *Hodge* v. *Manley*, 25 Vt. 213, 214; *Davis* v. *Smith*, 4 Greenl. 337, 340; *Davis* v. *Smith*, 48 Vt. 52, 57; *Plimpton* v. *Gleason*, 57 Vt. 606, 607; *Chapman* v. *Goodrich*, 55 Vt. 356; *Robie* v. *Briggs*, 59 Vt. 443; *Elbridge* v. *Smith*, 44 Mass. 35, N. E. R. Vol. 4, 180, 186; *Coggswell* v. *Dolliver*, 2 Mass. 221; *Norton* v. *Lasso*, 30 Cal. 126; *Kimball* v. *Kimball*, 16 Mich. 211; *Wilson* v. *Calvert*, 18 Ala. 274; *Brackenridge* v. *Baltzell*, 1 Carter (Ind.) 333; S. C. 13 U. S. Digest, 469.

The opinion of the court was delivered by

ROYCE, Ch. J. This was an action of assumpsit in which the plaintiff claimed to recover the amount appearing to be due upon the promissory note and account described in his specification. The defence relied upon was the Statute of Limitations.

The evidence of the witnesses, Brigham and Stetson, was rightfully excluded. Brigham was the attorney of record of

the plaintiff and brought this suit. While he was acting as such attorney he came into possession of the note in controversy and the plaintiff's specification of his claim, and the defendant offered to prove that he obtained a copy of said specification from said Brigham, and to use the same as evidence. The relations that subsisted between the plaintiff and Brigham were such that Brigham was not at liberty to allow papers which had come into his hands as the plaintiff's attorney to be used as evidence in a suit in which the validity of the claims described in said papers was in controversy. They were what the law designates as privileged communications. And the rule in relation to them is stated in Greenleaf on Evidence, sec. 237, Stephen's Digest of the Law on Evidence, art. 115, and 1 Phillips' on Evidence, 116, to be that the attorney of a client cannot be compelled to disclose papers delivered to him or communications made to him by his client; neither will he be permitted to do so without the consent of his client.

The note described was dated the 21st of September, 1867, and made payable on demand, and the last payment made and indorsed thereon was made on the 5th of November, 1874. The writ was dated November 5, 1880, and was served on the 23d of February, 1881; and it is claimed the action was not commenced within six years after the payment made upon the note; that the day upon which the payment was made is to be reckoned in determining when the six years would run within which the action should have been commenced; and that by reckoning that day more than six years had elapsed from the date of the payment to the commencement of the action.

How that question might be decided, if it was to be governed by the authorities which the industry of counsel has brought to our attention, we do not feel called upon to decide. For, in our judgment, the statute defining when the action must be commenced, must be construed by the direction given in chap. 1 of the Construction of Statutes, sec. 26, which provides that when time is to be reckoned from a day or date, or

act done, such day, date, or day when such action is done should not be included in the computation. So that, construing the statute as thereby directed, the date of the payment is to be excluded in computing the time when the action might be commenced, and by excluding it the action was seasonably brought. That view disposes of the attempted defence to the right of recovery upon the note.

The remaining question relates to the plaintiff's right to recover for the account described in his specification.

There can be no recovery for items 9, 10, 11 and 12; for the referee has found that the services rendered and provisions furnished which constitute these items were not rendered or furnished under circumstances that raised a promise, express or implied, that they were to be paid for, and that neither party expected they were to be paid for, and that they were never charged in any book. So the right to charge them never existed.

Both parties understood that the first seven items of the account were to be paid, and they, with number 8, were regularly entered on the plaintiff's book.

The services charged for in item number 13 were rendered under an agreement that the plaintiff was to receive therefor a certain sum quarterly, and the sum agreed to be paid at the end of each quarter was paid as agreed and no charge was ever made by the plaintiff for the same. The services rendered under that contract and the payments received therefor were not intended to enter into the general account between the parties and were not so treated by the parties, as is evident from the fact that no charge was ever made for the same. " Payment of specific items of charge, unaccompanied by any circumstances showing a recognition of any other account, will not be sufficient to remove the operation of the statute." *Hodge* v. *Manley*, 25 Vt. 210; *Harris* v. *Howard's Estate*, 56 Vt. 695. What has been said to that item applies also to item number 14.

In October, November and December, 1878, the plaintiff

Hicks' Estate *v.* Blanchard.

furnished feed for the defendant's horses and paid for shoeing them, and kept an account of the same in his diary, but not on the book on which his other account with the defendant was kept. The defendant paid him from time to time different sums, and intended to keep him reimbursed for such expenditures, and the plaintiff gave him credit on said diary for what he so paid him. It is not found that any contract was made as to how or when the plaintiff was to be compensated for such expenditures.

In November, 1878, the defendant delivered to the plaintiff 140 lbs. of pork at $8.40, which overpaid the charges of the plaintiff for this expenditure for the defendant $7.45. No direction was given by the defendant as to where it should be applied, and no application of it has been made except by the credit given for it in the plaintiff's diary. It is claimed by the plaintiff, that the delivery of the pork and its receipt by him under the circumstances detailed removed the effect and operation of the statute from all previous charges, and that the statute commenced running thereon from the date of its credit; that any new item of credit which the defendant pays with a view to lessen that balance is equivalent to a new promise to pay what remains and removes the statute bar, as was held in *Hodge* v. *Manley, supra,* and *Abbott* v. *Keith,* 11 Vt. 525.

The referee has found from the fact that the plaintiff had a large book, kept with apparent care, and did not enter thereon the item for the pork, that neither party understood that it was to apply as part payment of the first items of the account, or had any connection with them. It has been frequently held that the manner in which an account is kept is unimportant. *Abbott* v. *Keith, supra.* It is a proper subject as evidence to be considered by the trier as bearing upon the good faith and honesty of the account. But the true inquiry is, whether the item represents a legal indebtedness that should go into the account of the parties, and not whether either party has or has not embraced it in his account. *Davis* v. *Smith,* 48 Vt. 52. It is found that the pork was not intended as a gift, and if not

so intended, the plaintiff became legally liable to account for it, and being so liable, it became a proper subject to be entered in his account with the defendant, and to be adjusted in their final settlement. If there had been a direction given as to its application, or facts had been found from which the court could infer that a different application was intended by the defendant, the question might merit a different consideration.

The case stands for judgment as it would if the defendant had paid to the plaintiff a sum of money with no evidence as to the application to be made of it, except the manner in which the plaintiff kept his account of it. In such a case the law is too well settled to require the citation of authorities that the creditor has the right to make the application upon any indebtedness of the debtor. Here there was no other indebtedness shown except upon the account, and the creditor had the right to treat the delivery of the pork as a payment upon that account; and so treating it, it removed the effect and operation of the statute from all previous charges, so that the statute commenced running from the date of that payment. Every new item of credit or part payment is an acknowledgment of an open unliquidated account, and equivalent to a new promise to settle and pay the balance thereon due. *Hodge* v. *Manley*, *supra*. Such being the legal effect of the payment made by the defendant, the statute is not a bar to a recovery for the balance of the account.

Judgment affirmed.