## JOHN H. GEORGE

### v.

## VERMONT FARM MACHINE CO.

CALEDONIA COUNTY, 1893.

Before:   TAFT, ROWELL, MUNSON AND START, JJ.

*Statute of limitations.    Mutual accounts.    New promise.*
*Continuous employment.*

1.  In mutual accounts the statute of limitations begins to run from the date of the last item of credit proved on trial and not from that of the last item of debt.

2.  *Held*, that the defendant's letter was not a new promise within the statute of limitations.

3.  When the claim is that the statute does not begin to run until the date of the last charge, there being no item of credit within six years, for the reason that the charges are all in the course of a common employment, it must affirmatively appear that such is the fact.  *Held*, that it did not so appear in this case.

General assumpsit, appealed from the judgment of a justice of the peace.  Pleas, the general issue, payment, and

statute of limitations. Heard upon the report of a referee at the December term, 1891, Thompson, J., presiding. Judgment for the plaintiff' for the larger sum named in the report. The defendant excepts.

April 15, 1887, the plaintiff rendered to the defendant the following statement of account, and the same was used by him as a specification of his claim upon this trial before the referee:

East Hardwick, Vt., April 15, 1887.

*Vermont Farm Machine Co., Bellows Falls, Vt.,*

To J. H. George, Dr.

| | | | |
|---|---|---|---|
| 1882. | | | |
| April 15. | To bill rendered................ | $149 52 | |
| 1883. | | | |
| Dec. 4. | To cash paid, two fares to Woodsville, N. H................ | 3 60 | |
| | To postage on papers sent to Washington, D. C................ | 82 | $153 94 |
| | Bal. Int. to April 1, 1887........ | | 15 23 |
| | | | $169 17 |

Cr.

| | | | |
|---|---|---|---|
| 1882. | | | |
| May 15. | By cash *via* check.............. | $100 00 | |
| July 26. | By bill rake teeth.............. | 1 67 | 101 67 |
| | Bal. as April 1, 1887.......................... | | $67 50 |

The referee found that the first charge under date of April 15, 1882, was composed of several items for time and disbursements in connection with the taking of certain depositions by the plaintiff as notary public for the defendant, to be used in a patent suit in which the defendant was interested, and which was pending and to be tried in the city of Washington. After the taking of the depositions had been finished, the plaintiff carried the depositions in person and the exhibits which had been used before him to Washington, and the principal matter in dispute between the parties was in respect to the charge for that service. The defendant con-

tended that the plaintiff ought to have sent the depositions and exhibits to Washington by express, while the plaintiff insisted that he was justified by the instructions which he received from the attorney of the defendant in that suit in carrying them in person as he did. Upon this issue the referee found in favor of the plaintiff, and allowed the items for time and disbursements in connection with that trip, as charged by the plaintiff.

In reference to the two items in the plaintiff's account charged under date of December 4, 1883, the referee found that the plaintiff had actually disbursed the sums there charged, and allowed the same as charged, but he did not find that there was any connection between the expenditure of those sums and the balance of the account. In that respect no finding whatever was made, nor did it appear that any finding was asked for by either party.

The last item of credit was, as indicated on the plaintiff's specification, July 26, 1882. The writ in this suit was dated November 21, 1889.

In reply to the statement rendered by the plaintiff April 15, 1887, the defendant wrote the plaintiff the following letter, which the plaintiff insisted was a new promise within the statute of limitations, if under the circumstances of the case it was necessary to prove such a promise.

BELLOWS FALLS, April 19, 1887.

*Mr. J. H. George, East Hardwick, Vt.,*

*Dear Sir:* Why do you send us bill for the matter which has been adjusted once? You could not have forgotten that that heavy expense was made by your failing to follow the instructions of the attorney and forwarding the exhibits to Washington.

We paid more than we ought to on that account as it was understood that that was all settled and we think you have so understood it but forgotten to cross it off your books; at least you so intimated to us that you was entirely satisfied.

Very truly yours,

N. G. WILLIAMS, Tr.

The referee found for the plaintiff to recover the sum of $72.64, unless the statute of limitations was a bar to the recovery of all that portion of the plaintiff's account accruing before July 26, 1882, and for the plaintiff in the sum of $6.67 if the statute was such a bar.

*W. P. Stafford* for the defendant.

The statute begins to run from the date of the last credit and not from the date of the last charge. *Wood* v. *Barney*, 2 Vt. 369; *Abbott* v. *Keith*, 11 Vt. 529; *Hodge* v. *Manley*, 25 Vt. 211.

*J. P. Lamson* for the plaintiff.

On a continuous, mutual, unsettled and open account the statute of limitations begins to run from the date of the last item, whether of debit or credit. *Keller* v. *Jackson*, 58 Iowa 629; *Cogswell* v. *Dolliver*, 2 Mass. 217; *Harmon* v. *Englemann*, 49 Wis. 278; *Wood* v. *Barry*, 2 Vt. 369; *Hutchinson* v. *Pratt*, 2 Vt. 146; *Strong* v. *McConnel*, 5 Vt. 338; *Chipman* v. *Bates*, 5 Vt. 143; *Abbott* v. *Keith*, 11 Vt. 525; *Hicks* v. *Blanchard*, 60 Vt. 673; *Davis* v. *Smith*, 48 Vt. 52.

The letter of the defendant dated April 19, 1887, was a new promise. *Ayer* v. *Hawkins*, 19 Vt. 26; *Prentiss* v. *Stevens*, 38 Vt. 159; *Bliss* v. *Allard*, 49 Vt. 350.

The opinion of the court was delivered by

ROWELL, J.  Whatever the law is elsewhere, we regard it as settled in this State that in mutual accounts the statute begins to run from the date of the transaction evidenced by the last item of credit proved on the trial, and not from the date of the transaction evidenced by the last item of debt. *Abbott* v. *Keith*, 11 Vt. 525; *Hodge* v. *Manley*, 25 Vt. 210.

The defendant's letter of May 8, 1882, relied on as a new promise, is not such.   It contains no acknowledgment of a debt as subsisting, but is rather an indirect denial of any indebtedness in respect of the matters referred to.

There is nothing to show that the disbursements charged within six years next before the commencement of the suit were made in and about the business of plaintiff's original employment, so as to make it a case of continuous employment in which the statute would not begin to run till the employment ended, as held in *Davis* v. *Smith*, 48 Vt. 52.

*Judgment reversed and judgment for the plaintiff for the smaller sum.*