JOSEPH S. MOORE, p. b. a., *vs.* AMBROSE MORRIS, d. b. r.

*Appeal—Books of Original Entries—Evidence—Statute
of Limitations.*

1.  An account started in a small book, and after the same had been filled continued on sheets of paper attached together, being offered in evidence as books of original entries, and objected to on the ground that the entries on the sheets were not made at the time of their respective dates, as appeared from an inspection thereof ; *held*, after an examination by the Court, admissible for what it is worth. It goes to the jury subject to criticism and cross-examination.

2.  In an appeal case the jury have nothing to do with the proceedings below other than as they may disclose the time the suit was brought, and its relation to the statute of limitations.

3.  Under the statute, books of original entries regularly and fairly kept, together with the oath of the plaintiff, are evidence in the cause ; and they are entitled to just so much credit, under all the circumstances of the case, considering the account itself, the time the entries were made, and everything of that character that may be proved, as any other evidence of · like character.

4.  When an open account is kept by one person against another, each item is a distinct and substantive cause of action, and if three years elapse without admission or acknowledgment, that item would be barred by the · statute of limitations. But not so in accounts which are open and mutual, for in such case the statute does not begin to run against each item while

such accounts continue open and mutual, but only from the time of the last item.

*(October 31, 1898.)*

LORE, C. J., and GRUBB, J., sitting.

*Edward Ridgley, Jr.*, and *Watson R. Harrington* for the plaintiff.

*John D. Hawkins* for defendant.

Superior Court, Kent County, October Term, 1898.

Appeal from a Justice of the Peace in and for Kent County, (No. 83, April Term, 1898). The cause of action was an open book account, the amount claimed as balance due being $206.32. The narr contained all the common counts and the *quantum meruit* and *qnantum valebat.* There were no pleas filed, when the case came on to trial, but by consent it was plead to issue by filing the usual pleas in assumpsit. The plaintiff was produced and proved his account against the defendant, which account was started in a small pass book and after the same had been filled was continued on sheets of paper attached together. The said accounts were offered in evidence as books of original entries. Counsel for defendant objected on the ground that the entries made upon the sheets were not made at the time of their respective dates, the dates not all being in chronological order and the ink having the appearance of being fresh, indicating that the entries were made simultaneously. Counsel for plaintiff contended that the dates which were alleged to be not in order were dates of credits and not of charges.

LORE, C. J :—We have examined this account, both the book and the entries following it. It is admissible for whatever it is worth. It goes to the jury subject to criticism and cross-examination.

When the plaintiff had rested, counsel for defendant raised the point that the plaintiff could not recover an amount exceeding $200.00, the sum over which the Court below had jurisdiction. Counsel for plaintiff claimed that more than $200.00 had

been recovered in the Superior Court in similiar actions on appeal.

This point was not decided by the Court, as the claim came within $200.00 allowed by the statute with interest.

LORE, C. J., charging the jury :

Gentlemen of the jury :—This is an action brought by Joseph S. Moore, plaintiff below, against Ambrose Morris, defendant below, to recover what plaintiff claims to be a balance due him, including interest, of $206.32, which he claims grew out of the relation existing between himself and defendant as landlord and tenant under an account which it is claimed he presents in this case.

The question for you to determine is whether any sum, and, if any, how much is due Mr. Moore under the proof in this case.

So far as the proceedings in the case tried below are concerned you have nothing to do with them, other than as they may disclose the time the suit was brought and its relation to the statute of limitations and the fact that it is simply an appeal. You are to try this as a new case in this Court and upon the evidence as it has been delivered to you in this Court and the proofs here made. Being an account, the plaintiff in part, has produced books of original entries, and relies to some extent upon those, and we are asked to charge you as to the effect of books of original entries. The law clearly defines what credit such books may have.

The statute (*Rev. Code 799, Sec. 11, Chap. 107*) has made books of original entries regularly and fairly kept, together with the oath of the plaintiff, evidence in the cause. Such books are entitled to just so much credit under all the circumstances of the case, considering the account itself, the time the entries were made, and everything of that character proved before you, as any other evidence of like character ; and you are the judges of the credit to be given to that evidence. The law makes it evidence to go before you.

There is a plea in this case of the statute of limitations. Where an open account is kept by one person against another each particular item charged in such account is a distinct and

substantive cause of action, and under our laws if three years elapse without any admission or acknowledgment of any kind, that item of account would be barred by the statute of limitations. But this does not apply to accounts which are open and mutual ; for in the case of mutual and running accounts between parties the statute of limitations does not begin to run while such accounts continue open and current. That is to say, while two persons are dealing with each other, each having an account against the other, being a mutual running account, the statute of limitations does not run against each particular charge so long as that account is kept open and running. The statute begins to run only as against the last item placed upon the account so long as it is mutual and open. If this is such account, the statute of limitations applies only as against Morris after three years from the last item which appears in his mutual dealings with Mr. Moore. With respect to the statute of limitations, it is agreed in this case that the date of the bringing of suit below, was November 16, 1897.

Under the law as we have thus stated it to you, it now devolves upon you carefully to consider the evidence in this case and determine whether the plaintiff is entitled to your verdict, and if so, for how much.

Verdict for defendant.