WALKER v. CASSELS.

1. FINDING as to price of lumber sustained.
2. LIEN.—SAWYER has a lien on lumber sawed for. sawing so long as he retains possession thereof.
3. DAMAGES.—FINDING as to damages to lumber reversed, because it occurred to lumber after delivery to respondents.
4. LIMITATION OF ACTIONS.—PAYMENT on note at direction of payer arrests running of statute.
5. APPEAL—JUDGMENT.—The question whether a judgment was entered in conformity to the decree in the case cannot be made in the first instance in this Court.

Before TOWNSEND, J., Chester, December 22, 1903. Modified.

Action by W. N. Walker against W. W. Cassels and J. L. Saunders. From Circuit decree, defendant, Cassels, appeals.

The special referee made the following finding and conclusions, among others:

"Third. What damages has the plaintiff proven against the defendant, Cassels, on account of his attempted seizure and sale of the lumber under his supposed sawyer's lien? Under the contract for sawing, the defendants were bailees of the logs and lumber, and by the common law, I think, had a claim or lien on the logs and lumber committed to them for their bill for sawing, so long as they retained actual

possession; but if they surrendered possession to the plaintiff or other party, this special claim or lien was waived and gone.   Edwards on Bailments, secs. 420-424.

"No stress was laid by either side on the point as to who was in possession on the 26th of October, 1901, when Cassels put up his notices and advertised the lumber for sale.   But the tendency of the testimony is to show that plaintiff was in possession.   The sawing had been completed and the sawyers, so far as I gather from the evidence, had left the ground, and no claim is made that they left any agent in charge.   Plaintiff had stacked the lumber, used some of it and sold a considerable portion of it, and it was on his own ground.   So I must conclude he was in possession, and any lien the defendants may have once been entitled to, was waived."

*Messrs. Henry & McLure,* for appellant, cite: *Referee confused "burden of proof" with preponderance of testimony:"* 2 Ency., 1 ed., 655.   *Sawyer has a lien upon lumber:* 19 Ency., 2 ed., 531.   *As to surrender of possession of lumber by sawyer:* 12 L. R. A., 621; 2 Ency., 1 ed., 654; 104 Ind., 118; 19 Ency., 2 ed., 28.   *Burden is on plaintiff to show payment on note:* 19 Ency., 2 ed., 332, 333, note 2; 82 Va., 518.

*Messrs. Caldwell & Gaston,* contra, cite: *This Court, in a law case, has no power to review finding of fact by Circuit Court on report of referee:* 50 S. C., 511; 55 S. C., 372. *If bailee voluntarily parts with possession of goods, his lien is lost:* 3 Ency., 2 ed., 760; 26 Wend., 467; 22 Vt., 474.

November 29, 1904.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   This action arises out of a contract between the parties to this suit for the sawing of a large quantity of lumber for the plaintiff, and an attempt on the part of the defendants to sell said lumber under an alleged

sawyer's lien, to pay for the sawing. The plaintiff also alleges a balance due by the defendant, Cassels, on a note as an offset to the sum due for the sawing. The complaint also prayed for an injunction, which was granted. The defendant, Cassels, appealed from the judgment of the Circuit Court.

The first question presented by the exceptions is whether his Honor, the Circuit Judge, erred in his finding as to the price agreed upon for the sawing the lumber. The finding of the special referee was sustained by the Circuit Judge, and it has not been made to appear to us that the preponderance of the testimony is against such finding.

The next question for consideration is whether the Circuit Court erred in its ruling, that the defendants did not have a lien on the lumber for sawing at the time of the attempted seizure thereof. The report of the special referee as to this issue was sustained by the Circuit Court. The reasons assigned by the special referee for concluding that there was not a lien at the time mentioned are satisfactory to this Court.

The next assignment of error is on the ground that the Circuit Judge held that the plaintiff was entitled to damages to the amount of fifty dollars by reason of the unlawful seizure of the lumber by the defendant, Cassels. The special referee found that the plaintiff was only entitled to damages amounting to five dollars. The Circuit Judge erred in overruling the report of the special referee upon this issue. The reasons assigned by the special referee are satisfactory to this Court. It was the fact that the lumber had been delivered to the plaintiff, that destroyed the defendant's lien for the sawing. The injury to the lumber took place after the delivery; therefore the defendants were not responsible therefor. *Dozier* v. *Johnston,* 2 Hill, 297.

18—70.

The next question is whether there was error in holding that the note executed by Cassels was not barred by the statute of limitations. The payment on the note was made by the direction of Cassels, and this necessarily prevented the bar of the statute.

The last question is whether the judgment was entered in conformity with the decree. The Circuit Court has not ruled upon this question and it cannot be made in the first instance in this Court.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed, except in the particular hereinbefore mentioned, and that it be modified in that respect.