**ZAKS v. ELLIOTT et al.**

**KRUPNICK v. PEOPLES STATE BANK OF SOUTH CAROLINA et al.**

**No. 4465.**

Circuit Court of Appeals, Fourth Circuit.

Aug. 28, 1939.

SOPER, Circuit Judge.

This action was brought by the receivers of Peoples State Bank of South Carolina against the defendant, S. Zaks, to recover balances due upon two promissory notes held by the bank. The first note, dated January 1, 1930, and payable April 1, 1930, was for the sum of $5,211.91 and was secured by a pledge of 61 bales of cotton. It was signed by Zaks alone. The second note also dated January 1, 1930, and payable April 1, 1930, was for the sum of $10,912.42 and was secured by a pledge of 89 bales of cotton. It was signed by Zaks and L. Lourie. Both notes were in the same form, which provided that the Bank might sell the security with or without notice and stated that "in case of a deficiency (after sale of the collateral) the undersigned promise to pay to said Bank the amount thereof forthwith".

The first note was credited with a payment on April 28, 1930, of $951.70 from a sale of 10 bales of the cotton collateral, and a further payment of $304.90 on August 1, 1931. On May 4, 1933, the receivers sent a registered letter to the defendant at St. George, South Carolina, advising him that the remaining collateral would be offered for sale unless storage, insurance and other charges on it were paid. This letter was forwarded to the defendant's residence at Eutawville, where its acceptance was refused. On June 19, 1933, the remaining collateral was sold and the proceeds credited to the note, leaving a balance as of that date of $2,999.22, which is sought to be recovered with interest.

The second note was also credited with the proceeds of a sale on April 28, 1930, of a portion of the collateral and several other payments, leaving a balance as of February 23, 1932, of $9,618.72. On May 4, 1933, the receivers mailed a registered letter, similar to that sent with regard to the first note, to Zaks and Lourie at St. George, and received a return receipt therefor signed "Messrs. Zaks and Lourie, J. E. Westbury, Agent". On June 19, 1933, the remaining collateral was sold and the note was credited with the proceeds. Then on January 5, 1935, the receivers accepted from L. Lourie a payment of $501.11 and endorsed on the note a full release of Lourie from all liability. This left an unpaid balance of $7,206.73, which is now sought to be recovered with interest.

This action was instituted on September 14, 1937, and the defendant pleaded as the

P. L. Felder, Jr., of Orangeburg, S. C. (Lide & Felder, of Orangeburg, S. C., on the brief), for appellant.

Coming B. Gibbs, of Charleston, S. C. (W. M. Shand, of Columbia, S. C., on the brief), for appellees.

Before PARKER and SOPER, Circuit Judges, and HENRY H. WATKINS, District Judge.

only defense the bar of the statute of limitations, which in South Carolina provides for a period of six years. 1 South Carolina Code 1932, section 388. The case was tried before a jury, but when the defendant moved for a directed verdict at the close of all the evidence, the court dismissed the jury on the ground that there was no question for it to decide. After hearing argument on a motion for judgment filed by defendant in accordance with his motion for a directed verdict, the court found for the plaintiffs and entered judgment to that effect.

■■■ In an opinion subsequently filed, the court found both the facts and the law and stated that the case had been withdrawn from the jury under Rule 50(b) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. That rule permits the trial court to reserve its decision on a motion for a directed verdict until after the jury has returned its verdict, but does not authorize withdrawing the case from the jury entirely. The action of the court resembled the old practice, now abolished by Rule 50(b), of withdrawing the case from the jury when both parties move for a directed verdict. There was, however, no material error in the instant case for both parties not only consented to the court's action, but were anxious to have the case decided as a question of law by the court. The case may properly be treated as one in which the parties agreed at the outset not to have a jury.

Although more than six years had run since the maturity of the notes, the court concluded that the statute of limitations was not a bar to recovery on the ground that the application of the proceeds from the sale of the remaining collateral on June 19, 1933, amounted to voluntary payments by Zaks, sufficient to toll the period of limitations on each note. In support of this decision, the court cited the provision in the notes whereby "in case of a deficiency [after sale of the collateral], the undersigned promised to pay said bank the amount thereof forthwith" [25 F.Supp. 858], and relied upon the decisions in First National Bank v. King, 164 N.C. 303, 80 S.E. 251, 49 L.R.A.,N.S., 392, and Bosler v. McShane, 78 Neb. 86, 110 N.W. 726, 12 L.R.A.,N.S., 1032.

■■■ It is established in South Carolina that partial payment on a note within the six year period immediately preceding the bringing of an action therein will remove the bar of the statute. Walker v. Cassels, 70 S.C. 271, 49 S.E. 862. But, apparently, the question of whether application to the debt by the creditor of the proceeds from the sale of collateral deposited with a note is such a payment as will toll the statute has never been decided in South Carolina. According to the great weight of authority, an application to the debt by the creditor of the proceeds from the sale of collateral will not have this effect because the payment is not voluntary on the part of the debtor. Lyon v. State Bank, 12 Ala. 508; Wolford v. Cook, 71 Minn. 77, 73 N.W. 706, 70 Am.St.Rep. 315; Brown v. Latham, 58 N.H. 30, 42 Am.Rep. 568; Brooklyn Bank v. Barnaby, 197 N.Y. 210, 90 N.E. 834, 27 L.R.A.,N.S., 843; 37 C.J. 1155; Ballantine & Sons v. Macken, 94 N.J.L. 502, 110 A. 910, 10 A.L.R. 838; Howard v. Pritchett, 207 Ala. 415, 92 So. 782, 25 A.L.R. 58. "The principle on which part payment takes a case out of the statute is, that the party paying intended by it to acknowledge and admit the greater debt to be due. If it was not in the mind of the debtor to do this, then the statute, having begun to run, will not be stopped by reason of such payment." United States v. Wilder, 13 Wall. 254, 256, 80 U.S. 254, 256, 20 L.Ed. 681. We think that the reasoning of these decisions is to be preferred to that of the North Carolina and Nebraska cases on which the District Judge relied. There is no fact in the instant case to justify a finding that the defendant acknowledged or admitted at any time within the six year period that the debt was due.

■■ The provision in the notes by which the defendant promised to pay any deficiency after sale of the collateral can not operate as a promise to pay made at the time the deficiency is determined, for the reason that it can not be said that the parties so intended it. Brooklyn Bank v. Barnaby, 197 N.Y. 210, 90 N.E. 834, 27 L.R.A.,N.S., 843. Had it been intended that such a well known rule of law as the statute of limitations should not apply in its customary sense to these contracts, then express language to that effect would doubtless have been used. If the plaintiff's interpretation of this clause of the notes were adopted, the defendant's obligation could be kept alive for an indefinite period by judiciously timed sales of portions of the collateral, and the statute of limitations would have no bearing at all.

428

■■ With respect to the second note the court found that there was sufficient evidence to justify a jury finding that a partnership existed between Zaks and Lourie, and that the payment by Lourie of $501.11 on the partnership note on January 5, 1935, tolled the statute of limitations as to his partner Zaks. This note was signed individually by Zaks and Lourie and beneath their signatures were typed the words "Zaks & Lourie". The receipt for the registered letter sent by the receivers on May 4, 1933, to Zaks and Lourie as makers to notify them that the collateral would be sold was signed "Messrs. Zaks & Lourie, J. E. Westbury, Agent". There was no evidence of Westbury's identity. A witness who had charge of collecting these notes for the bank testified that he had understood Zaks and Lourie to be partners and so understood at the time he made the settlement with Lourie. This was all the evidence of a partnership, and we think it was insufficient to support the finding. The defendant denied emphatically ever having been a partner with Lourie or having any interest in the cotton for which the note was given, and testified that Lourie fooled him into signing the note. The District Court should have found on all the evidence in the case that Zaks and Lourie were only joint obligors on the second note; and as it is the law of South Carolina that payment by one joint obligor does not deprive the other of the protection of the statute of limitations, Smith v. Townsend, 9 Rich., S.C., 44; Smith v. Caldwell, 15 Rich., S.C., 365, 374; Shubrick v. Adams, 20 S.C. 49, the motion of the defendant for a directed verdict should have been granted.

For the reasons stated herein, the judgment of the District Court is reversed.