**Thomas BROWN, Plaintiff,**

v.

**CONSOLIDATED FISHERIES COMPANY, a corporation of the State of Delaware, Defendant.**

Civ. A. No. 1509.

United States District Court
D. Delaware.

Sept. 30, 1955.

See, also, 18 F.R.D. 433.

---

James R. Morford (of Morford & Bennethum) and Morton E. Evans, Wilmington, Del., for plaintiff.

John Van Brunt, Jr. and David Snellenburg, II (of Killoran & Van Brunt), Wilmington, Del., for defendant.

RODNEY, District Judge.

In this case separate findings of fact and conclusions of law have been filed. The findings and conclusions are largely dependent on two principles—the Statute of Limitations as relied upon by the defendant, and the establishment of the transactions of the parties as constituting a mutual and running account and as determining the time of operation of the Statute of Limitations, as contended for by the plaintiff. These principles must here be somewhat elaborated.

The Statutes of Limitations relied upon in this case are found in 10 Delaware

Code § 8106 and § 8107. The sections prescribe a limitation of three years concerning actions relating to demands in the nature of debit and credit, and prescribe that in the case of mutual and running accounts between the parties the limitation shall not begin to run while such account continues open and current. These statutes in general terms were considered in Moore v. Morris, 1 Pennewill 412, 17 Del. 412, 41 A. 889.

The terms "open accounts", "running accounts", "open current accounts", and "mutual open and current accounts" are variously used in the authorities, but all seem to have the same fundamental meanings.

■ It seems entirely clear that where the account is all on one side, the cause of action arises from each item as far as the Statute of Limitations is concerned and they are severally barred when, as to them, the Statute has run. It is equally clear both from the terms of the Delaware Statute and from a uniform current of authority that, where there is a mutual open account, there is an implied agreement of the parties that each item shall not constitute an independent debt, due at its date, but that the Statute shall not begin to run until the date of the last transaction.

It becomes material then to determine what is a "mutual open account" such as will postpone the running of the Statute until the date of the last item.

From the authorities cited in the footnote or collected in the annotations mentioned there[1] certain requirements seem clear.

■ It makes little difference as to formality or lack of formality with which the account is kept. The material question is the mutuality or agreement, express or implied, with which the items, respectively, were made and the mutual expectation of the parties of a future settlement or adjustment and the in-

tent to treat the items as one account. A leading case has said

" * * * there is no propriety in permitting a party to defeat the operation of the statute on a mutual account by making entries of credit, unless the charge has arisen by consent or in their usual course of dealing. * * * "[2]

■ A mutual account, as the name indicates, must be one account upon which the items on either side belong and on which they would reciprocally operate so that a balance between the two may be ascertained. The mere fact that parties have cross-demands against each other does not constitute a mutual account but the two sides of the account must be linked or connected in some way by an express or implied agreement. This is not to say that the items must be of the same nature for they may be of different natures if the agreement, express or implied, shows that the understanding or agreement of the parties contemplated the reduction of the entire account to one balance to be thus adjusted.

■ We must now apply the principles here discussed to the facts of this case. The claims of the plaintiff consisted of a number of rather large items all but two of which were barred by the Statute of Limitations. The plaintiff, in order to satisfy the terms of the Statute and make the Statute operate from the last transaction as a mutual and running account, sought to establish the agreement of the parties as to the items themselves. It was herein found as a fact that there was no mutual agreement as to the validity of the items or as to their inclusion in any account or any promise to pay.

■ The plaintiff also sought to establish certain monies paid or advanced by the defendant to the plaintiff as payments on this, so-called, mutual account so as to remove the bar of the Statute.

1. 1 A.L.R. 1060; 37 A.L.R. 369; 57 A.L.R. 201; 34 Am.Jur., pp. 80, 125, 126; 17 R.C.L., pp. 730, 804.

2. Hodge v. Manley, 25 Vt. 210, 60 Am.Dec. 253.

It has been found as a fact that the monies paid or advanced to the plaintiff were not payments on this account but advancements made by the defendant to the plaintiff for entirely different and unconnected purposes.

■ Even if the payments had not been specifically indicated for a definite purpose yet a general payment will not stay the operation of the Statute, where it has started to run, unless with the payment there is some evidence that the debtor intended to acknowledge and admit the greater debt to be due.[3]

Because then the claims of the plaintiff do not constitute items of a mutual and running account, they are barred by the Statute of Limitations, · where such limitation is applicable and judgment will be entered for such claims as are not barred, as are shown by the findings of fact and conclusions of law separately filed.

---

3. United States v. Wilder, 13 Wall. 254, 80 U.S. 254, 20 L.Ed. 681.