[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER RE: PREJUDGMENT REMEDY
Plaintiff seeks a prejudgment remedy on several accounts of defendants and a guaranty of the individual defendant, Archibald Fracker.
After hearing, the court finds probable cause for the reasons hereafter stated.
I. PLAINTIFF'S CLAIMS
The evidence showed that four of the subject accounts were opened over the years and guaranteed by Archibald Fracker. A fifth account was set up only for the finance charges. These were open accounts in which defendants made various purchases over the years and periodic payments.
II. THE DEFENSES
Defendants claim that (1) the applicable statutes of limitation bar most of the claims, (2) there was an accord and satisfaction and (3) the individual guarantor is not liable as plaintiff has not lived up to the terms of the guaranty contract.
A. THE STATUTE OF LIMITATION
The court agrees with plaintiff that these are open CT Page 6040 accounts governed by Connecticut General Statutes 52-576(a) which states:
 No action for an account or on any simple or implied contract, or on any contract in writing shall be brought, but within six years after the right of action accrues. [Emphasis added.]
On the commercial account (no. 22500), there was activity through a payment by check dated September 11, 1992. There were purchases at least into 1989 on the plumbing and heating account (no. 22468) and a 1991 payment on the air conditioning account (no. 22583). The boiler account (no. 22419) showed sales into 1991. The debt is due on the balance in each account.
 "It has uniformly been held, that distinct and different items of charge, in an open and mutual account, do not constitute separate claims; but that the claim or debt is found in the balance of the account; and that it is the balance only, that constitutes the claim of the party to whom it is due . . . every new item of credit, or part payment, is an acknowledgment of an open, mutual and unliquidated account, and is equivalent to a new promise to account, and pay the balance thereon due."
Hodge v. Manley, 25 Vt. 210, 213-214. This language is quoted and relied on in Weadon v. First National Bank Trust Company,129 Conn. 541, 544 (1943). The Weadon court went on to say at page 544: "When payments are made on such an account, the statute runs from the last payment." The statute begins to run after the last transaction; therefore, all of the claims are within the applicable statute.
B. ACCORD AND SATISFACTION
Defendants' actions in writing "paid in full" or words to that effect on several payment checks does not constitute an accord and satisfaction. Most of those checks predated the effective date of Connecticut General Statutes 42a-3-311
(October 1, 1991). That statute states, in relevant part: CT Page 6041
 (a) If a person against whom a claim is directed proves that (i) that person in good faith tendered an instrument to the claimant as full satisfaction of the claim, (ii) the amount of the claim was unliquidated or subject to bona fide dispute. . . .
(b) . . . the claim is discharged. . . .
Under common law, a good faith tender in an unliquidated claim or one subject to a bona fide dispute were the requirements for accord and satisfaction. County Fire Door Corp. v. C. F. Wooding Co., 202 Conn. 277 (1987).
Defendant has not established this defense under the statute or common law. The sums were definitely liquidated at the time of tender and there was no good faith dispute. Although defendants did not want to pay interest, they continued to purchase and pay after receiving many invoices over the years showing interest charges.
C. THE PAYMENT SCHEDULE
The guaranty of Archibald Fracker did contain language to the effect that, upon default, a payment schedule acceptable to both parties would be worked out. Without addressing the legal effect of the language, the court notes that defendant Fracker, by his own admission, never proposed any payment schedule despite repeated inquiries about the bills and at least one settlement proposal by plaintiff.
The court orders a prejudment [prejudgment] remedy in the amount of $850,000.00.
E. EUGENE SPEAR, JUDGE