## LYON, ET AL. v. THE STATE BANK.

1. The deposit, by the maker of a promissory note, with the assent of the sureties, of cotton, with the agreement that its proceeds, when sold, should be applied in payment of the note, will not withdraw the note from the influence of the statute of limitations, although the cotton is sold, and the proceeds applied in payment after the maturity of the note, and within six years before suit commenced.

Error to the County Court of Tuscaloosa.

MOTION by the Bank for judgment against Lyon and Berry, as the sureties of one Oliver, on a note made by them, dated 24th December, 1838, payable the 1st of October, 1839. The notice is dated 22d October, 1845, but was not served until the 28th on Lyon, and the 5th November on Berry.

The defendants, with other pleas, pleaded the statute of limitations.

At the trial, the plaintiff produced a witness, who stated this was one of the cotton notes—that about the time it was executed, the principal delivered the bank a quantity of cotton, the proceeds of which were to be credited on the note. The cotton was shipped to Liverpool by the Bank, and on the return of the proceeds—on the 2d November, 1839—their amount is credited on the note. No recognition of the debt, or payment by either of the defendants, after the maturity of the note was shown to the jury.

On this state of proof, the court charged the jury, that when the Bank received the cotton, there was no payment,

but the payment was when the proceeds were received ; and the question was, did the bank receive these proceeds within six years from the maturity of the note. The defendants excepted to this charge, and now assign it as error.

MARTIN & HUNTINGTON, for the plaintiffs in error, cited Bank v. Lanier, 7 Ala. Rep. 595.

GOLDTHWAITE, J.—The notice in this case being dated, as well as served on the defendants, more than six years after the maturity of the note, it will be material to inquire what its effect is, as the commencement of a suit in preventing the bar of the statute of limitations. The only question then, which this record presents is, whether the deposit of cotton, to be sold by the bank, with the previous agreement that its proceeds, when received, should be credited on the note, will prevent the statute of limitations from running from the maturity of the note, although the proceeds are credited within six years. We state the question in the broadest manner, because it seems the parties considered the case as if certain agreements and stipulations which have been the subject of litigation and discussion in other suits were before the jury. We incline not to concur in the notion advanced at the bar, that these agreements and stipulations have become a part of the law of the land, or of the history of the State, so as to be recognized by the courts without proof. Considered as we have stated the question, it is the attempt to prevent the operation of the general statute, by showing an agreement contemporaneous with the contract, to extinguish the note by payments derived from collateral sources. If a payment is made by the principal debtor, after the maturity of the contract, this affects the sureties only as admission ; and as an admission does not prevent the statute from running. [Lowther v. Chappel, 8 Ala. Rep. 353, and cases there cited. It may be supposed a distinction exists, when a specific pledge of collateral securities is made by the principal debtor, with the assent of the sureties ; but whatever effect such a pledge would have, if made after the maturity of the principal contract, it seems to us it does not af-

fect the original contract when concurrent with it. If the law were otherwise, every contract secured by a mortgage, or pledge, would virtually be withdrawn from the influence of the statute ; for it would be within the creditor's power to sell the pledge, or mortgage, and thus produce a credit on the principal engagement. No case has been cited where a doctrine of this sort has been held, and in principle it seems to be unsound. We should very much doubt whether even a subsequent pledge could be construed beyond an admission of existing indebtedness, at the time it was made, without reference to the period when the proceeds of it were actually applied.

We are clear in the opinion, that there is nothing in proof to prevent the bar of the statute, and that the court erred in its charge.

Judgment reversed and cause remanded.