# Royston *v.* May.

### *Action on Promissory Note.*

1. *Application of payment by creditor.*—When a debtor, owing more than one debt to a creditor, makes a partial payment, but does not direct its application, the creditor may apply it to any of the debts then due, and not barred by the statute of limitations.

2. *Same ; when does not interrupt the running of the statute of limitations.*—But when such application is made by the creditor, being the act of the creditor, in which the debtor does not participate, and of which he has no notice, it does not interrupt the running of the statute of limitations upon the debt to which the payment was applied.

APPEAL from Dallas Circuit Court.

Tried before Hon. JOHN MOORE.

This was an action of *assumpsit* on a promissory note, brought by Moody H. May against Young L. Royston, and was commenced on 24th June, 1881. Among other defenses, the defendant pleaded the statute of limitations of six years.

The instrument sued on was executed on 13th October, 1874, and, as the evidence tended to show, was given for money loaned by the plaintiff to the defendants. The plaintiff testified on the trial, among other things, that "the defendant Royston, on the 2d May, 1878, paid to him about eighty dollars, without any instructions or directions as to its application; that said

[Royston v. May.]

Royston was at the time indebted to the witness in a large amount on his individual account then due, as well as for the amount sued for; that when said Royston paid said sum of about eighty dollars to witness, witness applied five dollars of it as a payment on the indebtedness sued for, and then entered" a credit on said instrument therefor, and the balance he applied to the individual indebtedness of said Royston, leaving still due thereon "a large balance." This was the substance of the evidence touching this payment and its application.

In the general charge the court instructed the jury, in substance, that if they believed from the evidence that the defendant Royston was indebted to the plaintiff as testified to by him, and that he made a payment to him, but did not give the plaintiff any instructions or directions as to which indebtedness the amount so paid should be applied, then the plaintiff had the right to make the application; and he could apply a part of the amount so paid to the debt sued on, and the remainder to the individual indebtedness of said defendant; and that if they further believed from the evidence that plaintiff applied any portion of the amount so paid, at the time of the payment, to the indebtedness sued on, then the amount so applied would be a valid and legal payment; and the statute of limitations would begin to run from the date of payment, and would not be a bar to this suit until the expiration of six years therefrom. To this charge the appellant excepted, and specially to that portion thereof touching the running of the statute of limitations. The court also gave a charge at the written request of the plaintiff, embodying substantially the same instructions as contained in the general charge, to which the appellant excepted. Other questions are raised, and other facts pertaining to such questions are stated in the record, which are not here set out, because they were not considered by the court.

The trial resulted in a judgment for the plaintiff as against the defendant Royston, but in favor of the defendant Moseley. The rulings above noted are among the assignments of error here made.

SUMTER LEA and WATTS & SONS, for appellant.—(1) "To make a partial payment evidence to stop the statute of limitations, the defendant must intend the payment to be thus applied, or must know, and approve of such application. The charges assumed, without any evidence of such intent, that the defendant did intend that the $5 paid was on the debt sued on; or that, without any evidence, the defendant knew of such application and approved" it. See *Minneice v. Jeter*, 65 Ala. 222. The charges were, therefore, erroneous. (2) The plaintiff had no right to *split* the sum into two parts, and apply one part to

[Royston v. May.]

the individual indebtedness of Royston, and the other part to the debt sued on.—See *Ayer v. Hawkins*, 19 Vt. 26; *Wheeler v. House*, 27 Vt. 735.

PETTUS & DAWSON and H. S. D. MALLORY, *contra*. (No brief came to the hands of the reporter.)

BRICKELL, C. J.—When a debtor, owing more than one debt to the same creditor, makes a partial payment, not directing its application, the creditor has the election to apply it to either of the debts which may be due, and not within the bar of the statute of limitations.—*Callahan v. Bozeman*, 21 Ala. 236; *Bobe v. Stickney*, 36 Ala. 482; *Robinson v. Allison*, 36 Ala. 525. The right of the creditor to apply the payment, and its effect otherwise than as an extinguishment *pro tanto* of the debt to which it is applied, are different questions. The precise question now presented is, whether such an application, the sole act of the creditor, in which the debtor does not participate, and of which he has no notice, will interrupt the running of the statute of limitations upon the debt to which the payment is applied.

The reason and principle on which a partial payment operates to take a debt without the statute of limitations, is, that by the payment the party making it intends to acknowledge and admit the greater debt to be due; and, as is said in *U. S. v. Wilder*, 13 Wall. 254, "if it was not in the mind of the debtor to do this, then the statute, having begun to run, will not be stopped by reason of such payment." In *Mills v. Fowkes*, 5 Bing. N. C. 455, it was said by TINDAL, C. J., that "in order to have that effect, the payment must expressly be made in discharge of part of a larger debt, which accrued six years or more before the payment." And ERSKINE, J., said: "In order, by a part payment, to take a case out of the operation of the statute, the payment should be made on account of the particular debt; the reason is, that the payment is taken as an acknowledgment, and, therefore, the intention of the party making it is material." In *Pond v. Williams*, 1 Gray, 630, SHAW, C. J., said, that a partial payment, to have the effect of interrupting the running, or of removing the bar of the statute, "must be made by the defendant specifically on account of the debt . . . , because it is, by implication, the payment of a part of a larger subsisting debt, and, therefore, it is an admission, a conclusive admission on the part of the debtor, of the actual existence of the balance as a subsisting debt, notwithstanding the lapse of time, and the legal operation of the statute; from this acknowledgment of the defendant the law

[Maguire v. Board of Revenue and Road Com'rs of Mobile Co.]

implies a new promise, which prevents the operation of the statute."

It.is not a mere payment that interrupts the running of the statute, or removes the bar of the statute when it is complete. The payment must be a partial payment of a debt the debtor recognizes as subsisting, and intends to extinguish in part. If this does not appear, an acknowledgment of an existing liability, and of a willingness to make further payment is not shown; the running of the statute is not interrupted, nor its bar, if complete, removed.—*Brown v. Latham*, 58 N. H. 30; S. C. 42 Am. Rep. 568. Under the present statute, a partial payment merely interrupts the running of the statute—it will not remove the bar of the statute when it has attached. And it must be a payment made " by the party sought to be charged."—Code of 1876, § 3240. It is not open to controversy, that the partial payment now relied upon as an answer to the plea of the statute of limitations, was the act of the creditor, and not of the debtor, who did not participate in, or have any notice of it. While it may have been an act the creditor could do lawfully, the only benefit he could derive from it was the payment partially of the debts to which he appropriated the payment in preference to the satisfaction of other debts. The debtor made no acknowledgment of the existence of the debt now sued upon; it was not in his mind; and the running of the statute could not be arrested by the sole act of the creditor. The Circuit Court erred in the instructions given the jury, and, as this conclusion will most probably be decisive of the case upon another trial, we deem it unnecessary to consider the other assignments of error.

Reversed and remanded.