# Girard *v.* Futterer.

### *Bill in Equity to Charge Legacies on Land.*

1. *Legacies payable at discretion of executrix.*—Where the testator, after giving several pecuniary legacies, devised all of his property, "save what shall be necessary for the payment of just debts and the legacies hereinbefore set forth, ' to his wife for life, who was also appointed executrix; but added a codicil, declaring that the legacies "shall not be payable in case that, by reason of the existing war [1864], or other circumstances, she shall not deem it discreet to pay the same, in view of the wants and requirements of herself and family; hereby intending to make the payment of said legacies, or any part thereof, entirely subject to her sound discretion;" *held,* that the payment of the legacies, in whole or in part, being left entirely to the discretion of the widow, and partial payment only having been made by her, payment of the balance could not be enforced, after her death, as a lien and charge on the lands.

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. THOS. W. COLEMAN.

The bill in this case was filed on the 26th February, 1887, by Rosina Futterer (*nee* Spuller) and others, legatees under the will of Stephen Spuller, deceased, against Corinne P. Girard and Ernest Girard, grandchildren of Mrs. Julia Spuller, who was the wife of said Stephen; and sought to enforce payment of the complainants' legacies, as a "charge and lien" on certain real estate, which had belonged to the said Stephen Spuller at the time of his death, and which the defendants held and claimed as devisees under the will of Mrs. Julia Spuller.

Stephen Spuller died in Mobile, where he then resided, in 1864; and his last will and testament was there admitted to probate, on the 6th September, 1864. A copy of the will was not made an exhibit to the bill, but it was alleged that it contained the following provisions: "(2.) After payment of my just debts and charges, I dispose of my estate as follows: I give to my cousins," naming the complainants, "one thousand dollars each; all of which legacies to be paid to the respective legatees within twelve months after my decease; and after such payments, it is my desire and will, that whatever balance of cash may be in the hands of my executrix shall be invested in stocks, or put out at interest, as shall

[Girard v. Futterer.]

best suit the parties concerned, according to the judgment of my executrix." (3.) "I give and devise all my estate, real and personal, save what shall be necessary for the payment of my just debts and the legacies hereinbefore set forth, to my said wife, Julia Spuller, for and during her natural life; and from and after the end, expiration, or other sooner determination of that estate, by forfeiture or otherwise, in her life-time, then to Alfred Girard and Juliet Girard, my step-children, and to their heirs forever." A codicil was added to the will, in these words: "I hereby declare, that the special legacies of one thousand dollars each to" the complainants, "provided for in the second clause of said will, shall not be payable, in case that, by reason of the existing war, or other circumstances, my said wife, Julia Spuller, shall not deem it discreet to pay the same, in view of the wants and requirements of herself and family; hereby intending to make the payment of said legacies, or any part thereof, as well as the time of payment of the same, entirely subject to the sound discretion of my said wife;" and the codicil further provided, as the bill alleged, "that Juliet Girard shall be, and is hereby declared to be, the sole residuary legatee of all my property and estate, after the expiration of the life-estate of my said wife."

The widow duly qualified as executrix of the will, and in March, 1867, sent to the complainants, who resided in Germany, $500 each; saying in an accompanying letter, as copied in the bill, "I am unable to send more at present; but, if I can do so at some future time, and I hope that I may be able to send the remainder later, I will inform you of the fact." Juliet Girard died, intestate, and without descendants; leaving her brother, Alfred Girard, who was the father of the defendants, her sole heir and next of .kin. After the death of Alfred Girard, his interest in the real estate was sold by his administrator, under an order of the Probate Court, Mrs. Julia Spuller becoming the purchaser. Mrs. Spuller made a final settlement of her administration on her husband's estate, but at what time does not appear; and she died on the 26th February, 1885, having devised said lands to the children of said Alfred Girard. Her will was duly admitted to probate, and a final settlement of her estate was made by her executor in September, 1886. The bill alleged, also, that there were "no outstanding claims against the estates of said Stephen or Julia Spuller, other than those of complainants; and that all liabilities and debts contracted by

[Girard v. Futterer.]

said Julia, for the support of herself and family, have been fully discharged and liquidated."

The defendants demurred to the bill, on the ground, with others, that the payment of the legacies was entirely within the discretion of the executrix. The chancellor overruled the demurrer, on all the grounds assigned; and his decree is here assigned as error.

D. C. ANDERSON & SON, for appellants, cited *Lupton v. Lupton*, 2 John. Ch. 623; *Myers v. Eddy*, 47 Barb. 263; *Hoyt v. Hoyt*, 85 N. Y. 142; *Sistrunk v. Ware*, 69 Ala. 273; *Steele v. Steele*, 64 Ala. 438; *Taylor v. Harwell*, 65 Ala. 1; *Starke v. Wilson*, 65 Ala. 576.

F. G. BROMBERG, *contra*, cited Jarman on Wills, vol. 3, pp. 423 (note), 426, 429–30; *Amer. Dram. Fund Asso. v. Lett*, 6 Atl. Rep. 280; *Tichenor v. Tichenor*, 2 *Ib*. 778; *Cook v. Lanning*, 3 *Ib*. 132.

SOMERVILLE, J.—The suit is one brought by the complainants as legatees under the last will and testament of Stephen Spuller, deceased, which was duly admitted to probate, in the county of Mobile, in September, 1864. The effort is to make these legacies, or rather so much of them as remains unpaid, a charge on certain real estate described in the bill. The wife of the testator was appointed the executrix of the will, and was also made a legatee under its provisions; but, at the time of the filing of the bill, she was deceased, having then herself disposed of the property in controversy by will.

It was provided in a codicil of Stephen Spuller's will, that these legacies "shall not be payable, in case that, by reason of the existing war, or other circumstances, my said wife, Julia Spuller, shall not deem it discreet to pay the same, in view of the wants and requirements of herself and family; hereby intending to make the payment of said legacies, or any part thereof, entirely subject to the sound discretion of my said wife."

A demurrer was interposed to the bill, assigning among other grounds, that no recovery could be had by the complainants, because the will made the payment of the legacies, in whole or in part, purely discretionary with the executrix, and she had elected not to pay them except in part. Though somewhat inclined at first to concur in the view taken by the

[Girard v. Futterer.]

chancellor, who overruled this, and the other assignments of demurrer, we are of opinion, after further consideration, that this particular ground should have been sustained. We have here the reposing of a discretion, which involves the idea of one acting according to his own judgment and conscience, entirely free from the controlling dictation of the judgment or conscience of any other person.—*Judges of Oneida v. People*, 18 Wend. (N. Y.) 99. It may be contended, that the discretion of the executrix was intended to be limited, in its exercise, by "the wants and requirements of herself and family," and, as she is deceased, and she left no family, this would be persuasive to show that the property remaining undisposed of for this purpose, at the time of her decease, would be chargeable to satisfy the unpaid portion of the legacies in question. There seem to be two satisfactory answers to this view. In the first place, the executrix was necessarily the sole judge of the wants and requirements of herself and family, the testator having failed to announce any rule by which they should be limited; and, in the absence of any absolute promise on her part electing to pay the legacies, especially when accompanied by her disposition of the remainder of the property by her last will to others than the complainants, it seems plain to us that the executrix considered, whether rightly or not, it is entirely immaterial, that the retention of this property was required for the comfort of herself and family, This decision on her part, even in this aspect of the case, is but the exercise of a discretion of judgment, and is not revisable. In the second place, the concluding clause of that portion of the codicil above quoted, which, being last, must be the prevailing expression of the testator's intention, leaves no doubt as to the correctness of this construction. This clause reads as follows—"*hereby intending* to make the payment of said legacies, or any part thereof, *entirely subject to the sound discretion of my said wife.*" Here we find a final declaration of the testator's intention, in words perfectly free from all ambiguity of meaning. The will being a law to the court, it is not competent, by judicial interference, to control the exercise of this discretion. The court erred in not sustaining the second ground of demurrer, and for this reason we reverse the decree, and, proceeding to render the judgment which the chancellor should have rendered, we adjudge that the second ground of demurrer assigned to the bill is well taken, and that it be sustained. The bill will accord-

[Ala. Great Southern R. R. Co. v. Yarbrough.]

ingly be dismissed, unless the complainant, within forty days from the rendition of this judgment, shall obtain permission to amend his bill, if possible, in such manner as to give equity to it.

We do not consider it necessary to decide the other questions raised.

Reversed and rendered.