# Solomon *v.* Solomon.

### *Bill in Equity to enforce Vendor's Lien on Land.*

1. *Stale demand; presumption of payment from lapse of time.*—When lands have been sold under a probate decree, on the application of the administrator, who himself becomes the purchaser, and the sale is confirmed by the court; a bill in equity by the heirs, to enforce an alleged lien for the unpaid purchase-money, filed more than twenty years after the last installment of purchase-money became due, is demurrable on the ground of staleness, and because of the presumption of payment arising from lapse of time; and these objections are not avoided by the additional averments, that the administrator, before the lapse of twenty years, "advanced or paid to the complainants different amounts of money on their respective interests in said estate, which he now claims were payments on the land, but which, as complainants claim and charge, were made generally on their distributive interests in said estate, and should be credited proportionally on their interest in the

land and in the personalty;" and that the administrator "has never denied, but has always admitted, that the purchase-money of said land is due and unpaid," except as to said advancements.

APPEAL from the Chancery Court of Henry.
Heard before the Hon. JOHN A. FOSTER:

CASSADY & BLACKWELL, and J. A. CORBITT, for appellants, cited *Whetstone v. Whetstone*, 75 Ala. 495; *Holt v. Wilson*, 75 Ala. 58; *McCarthy v. McCarthy*, 74 Ala. 546; *Knight v. Blanton Heirs*, 51 Ala. 333; *Morgan v. Casey*, 73 Ala. 222; *Wallace v. Nichols*, 56 Ala. 321; *Ketchum v. Creagh*, 53 Ala. 224; *Corbett v. Clenny*, 52 Ala. 480.

J. G. COWAN, and J. W. FOSTER, *contra*, cited *Solomon v. Solomon*, 81 Ala. 505.

SOMERVILLE, J.—The bill in this case, which is one for the enforcement of a vendor's lien, brought by the heirs of one S. L. Solomon, deceased, was filed August 25th, 1885, or more than twenty-two years after the last installment of the purchase-money on the land became due.

On the last appeal, when the case was before this court, we held that the complainants' claim was a stale demand, by reason of the presumption of payment arising from the lapse of twenty years.—*Solomon v. Solomon*, 81 Ala. 505.

Upon remandment of the cause, the bill was amended, and a demurrer to it was again sustained by the chancellor, on the ground that nothing contained in the amendments obviated the objection of staleness, which was held fatal to the original bill. In this conclusion reached by him we concur. The amendments allege that, before the lapse of twenty years from the time the purchase-money became due, the defendant, who was administrator of Solomon's estate, "advanced or paid to the complainants different amounts of money on their respective interests in the said estate, taking their receipts for the same," and that "he [the administrator] now claims that such payments were payments on the purchase-money of the land." It is not stated that these payments were not sufficiently large to have satisfied the entire demand for the purchase-money. This averment, therefore, so far from being an admission on the part of the defendant that the purchase-money is unpaid, is rather a denial of such fact.

The amended bill then "claims and charges" that these payments were made generally on the distributive interests

[Perdue v. Bell.]

of the complainants in Solomon's estate, and that they "should be credited *proportionally* on their interest in the land and in the personalty," for which the administrator owed the estate.    This is no averment of any recognition by the defendant of the land debt, as a continuing and subsisting claim, such as would keep the vendor's lien alive and in force.—*Cook v. Parham*, 63 Ala. 456; *Royston v. May*, 71 Ala. 398; Code, 1886, § 2628.    The concluding averment, that the defendant, with the exception above stated, "has never denied, but always admitted that the purchasemoney of said land is due and unpaid," is too indefinite to overcome the presumption of staleness arising from the lapse of twenty years.    "When, where, to whom, and how often admitted, the bill fails to show."—*Goodwin v. Baldwin*, 59 Ala. 127; *Relfe v. Relfe*, 34 Ala. 500; *Flinn v. Barber*, 61 Ala. 530; *Smith v. Gillam*, 80 Ala. 296; *Long v. Palmer*, 81 Ala. 384; *Coyle v. Wilkins*, 57 Ala. 108; Thomas on Mortgages (2d Ed.), § 53.

The action of the chancellor sustaining the demurrer is free from error, and his decree is affirmed.