[Girard et al. v. Futterer et al.]

# Girard *et al. v.* Futterer *et al.*

### *Bill in Equity to enforce Trust.*

1. *Limitation of suit to enforce testamentary charge on lands; presumption of payment from lapse of time.*—Where an executrix, having a discretion as to the payment of pecuniary legacies, notifies the non-resident legatees that she has the moneys on hand to pay them, and makes partial payment, this is the recognition of an express trust; and no presumption of payment arises, as against the legatees, until after the lapse of twenty years.

APPEAL from Mobile Chancery Court.

Heard before Hon. THOS. W. COLEMAN.

This cause was before the court on former appeal.—83 Ala. 234. On its return to the court below the bill was amended as appears in the opinion. The demurrers to the amended bill were overruled by the chancellor. From this decree overruling the demurrers defendants appealed.

D. C. ANDERSON & SONS, for appellants.

F. G. BROMBERG, *contra.*

STONE, C. J.—Considering this case on the former appeal—83 Ala. 234—and speaking of the conduct of Mrs. Julia Spuller, the executrix, we said: "In the absence of any absolute promise on her part electing to pay the legacies, especially when accompanied by her disposition of the remainder of the property by her last will to others than the complainants, it seems plain to us that the executrix considered, whether rightly or not it is immaterial, that the retention of the property was required for the comfort of herself and family." That decision was pronounced on an alleged letter written to complainants by Mrs. Spuller, bearing date March 12, 1867, in which she said: "Wishing to comply as nearly as possible with the desires of my late and much lamented husband, I have two thousand dollars in the currency of the United States subject to your orders, and wish to know what disposition I am to make of the sum. I am unable to send more at present; but, if I can do so at some future time, and I hope that I may be able to send the remainder of the sum later." This, we held, was not an election, or deter-

mination, to pay a greater sum than the two thousand dollars which she sent to them.

In the amended bill it is averred that Mrs. Spuller, on July 4, 1866, wrote complainants as follows: "I am, therefore, now glad to be able to say that I have the full sum of four thousand dollars ready, whenever any one duly authorized appears to demand it." This is the exact amount of the four pecuniary legacies to complainants, for the recovery of the unpaid half of which the present suit was brought.

The original bill in this case was filed February 26, 1887. By Stephen Spuller's will the pecuniary legacies were given to complainants with a proviso "that they shall not be payable in case that by reason of the existing war, or other circumstances, my said wife Julia Spuller shall not deem it discreet to pay the same, in view of the wants and requirements of herself and family; hereby intending to make the payment of said legacies, or any part thereof, as well as the time of payment of the same, entirely subject to the sound discretion of my said wife." The will appointed Mrs. Julia Spuller executrix, and the testator died in 1864. The will was probated, and Mrs. Spuller took upon herself the execution of the trust. The object of the present bill is to force the collection of the residue of the legacies out of lands that were of the estate of Stephen Spuller at his death. The defendants claim and hold under the will of Mrs. Spuller.

Treating, as we must on demurrer, the averments of the bill as true, the complainants make the following case: On July 4, 1866, Mrs. Spuller, executrix, admitting she had the requisite funds in hand, in the exercise of her discretion, elected to pay the pecuniary legacies in full, and so notified the legatees. That money became thenceforth a fund in her hands as trustee, held by her as an express trust. On March 3, 1867, she recognized the continued existence of the trust, and made partial payment on it. The present suit was instituted in less than twenty years after that time, and no presumption of payment had arisen when this suit was brought. *Austin v. Jordan*, 35 Ala. 642; *Phillippi v. Phillippi*, 61 Ala. 41; *Harrison v. Heflin*, 54 Ala. 552; *Greenlee v. Greenlee*, 62 Ala. 330; 3 Brick. Dig. 619, § 26; *Kennedy v. Winn*, 80 Ala. 165; *Cameron v. Cameron*, 82 Ala. 392; *Whetstone v. Whetstone*, 75 Ala. 495; *Philippi v. Philippi*, 115 U. S. 151; *Solomon v. Solomon*, 83 Ala. 394.

The claim, as shown by the averments of the bill, is not barred.

Affirmed.