**HOWARD v. PRITCHETT.** (2 Div. 784.)

(Supreme Court of Alabama. April 27, 1922.)

**1. Limitation of actions ⬤⟿195(3)—Burden on plaintiff to show facts avoiding plea of statute.**

Where an action on a note and mortgage dated October 1, 1908, was begun November 16, 1918, the burden was on plaintiff to show facts which would avoid the plea of the statute of limitation.

**2. Limitation of actions ⬤⟿157(2)—Payment to interrupt running of statute must recognize the debt.**

Mere payment itself does not interrupt running of the statute, nor a mere credit or payment on the indebtedness; but the payment must be a partial payment of a debt the debtor recognizes as subsisting and intends to extinguish in part.

**3. Limitation of actions ⬤⟿157(1)—Payment made by sale of property on execution will not remove bar of statute.**

Payment made by the sale of a debtor's property on execution or other legal process or by foreclosure will not remove the bar of the statute.

**4. Limitation of actions ⬤⟿157(5)—Foreclosure of chattel mortgage held not to toll limitations as to debt.**

Where property embraced in mortgage from defendant to plaintiff was taken by plaintiff under assertion of the right of mortgagee, and in the nature of foreclosure thereof, and, although defendant made no objection, he at most merely acquiesced, the application of the proceeds of the property as credits on defendant's indebtedness was not such voluntary payment by defendant as to toll limitations.

Appeal from Circuit Court, Marengo County; Ben F. Elmore, Special Judge.

Action by M. E. Pritchett against Alex Howard upon a bond of bill single. Judgment for the plaintiff, and the defendant appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Reversed and rendered.

Suit by appellee against appellant on two instruments in writing under seal, each bearing date January 16, 1908, and each due October 1, 1908: said instruments being referred to as a note and mortgage, respectively.

These instruments were lost, and their contents testified to. Plaintiff was in the mercantile business, and the indebtedness arose concerning advances made by plaintiff to defendant and 'two of his tenants who were farming. The account books were also lost, and the plaintiff testified to the balance due from recollection.

The suit was filed November 16, 1918, and numerous special pleas were interposed, among them the statute of limitation of 10 years.

To overcome the statute of limitation plaintiff relies upon payments made by defendant within the period of the bar of the statute so as to extend the same. He testified that payments were made by defendant, but gave no dates, that defendant turned over all of his cotton except two bales, giving the value of them, and that it was applied to 1918 account. When this cotton was turned over to the plaintiff is not stated. Other cotton and corn was also gotten from the defendant, as shown by plaintiff's testimony, the exact date not being given, and further that he got a mule about November 1st or December 1st, and the last two bales of cotton about December 1st, the years not being stated. Plaintiff further testified that he "took some cattle from the defendant, seven head as he recollected, and sold them, also got a mule from the defendant," but the date is not given.

The defendant testified that he did business with the plaintiff in the years 1906, 1907, and 1908, but in the year 1909 he moved onto one Boozer's place; that the cotton he turned over to the plaintiff was in 1907; that in 1909, after he had moved to the Boozer place, plaintiff took from him corn, cotton seed, cattle, a mule, etc., that no statement was made as to the amount of any credit, and that the foregoing "was taken from him" after he left the Witherspoon place the first of 1909.

The cause was tried before the court without a jury, and judgment rendered for the plaintiff, from which the defendant prosecutes this appeal.

Wm. Cunninghame, of Linden, for appellant.

The court erred in admitting the copy of the papers sued on. Sections 3374 and 3983, Code 1907; 39 South. 771; 200 Ala. 120, 75 South. 568; 204 Ala. 210, 85 South. 762; 28 Ala. 250, 65 Am. Dec. 344; 194 Ala. 624, 69 South. 891. The court erred in finding for the plaintiff, as under the evidence the judgment should have been for the defendant. 65 Ala. 232; 71 Ala. 398; 57 Ala. 80; 59 Ala. 345; 80 Ala. 236; 77 Ala. 367; 17 R. C. L. 924; 139 Ala. 578, 36 South. 707, 101 Am. St. Rep. 52.

I. I. Canterbury, of Linden, for appellee.

The mortgage was properly introduced in the evidence and was self-proving. Section 3374, Code 1907. Counsel discusses other assignments of error, but without further citation of authority.

GARDNER, J. This is a suit by appellee against appellant upon two instruments in writing under seal, referred to in the record and brief as a note and mortgage. These instruments were due October 1, 1908, and the suit was filed more than 10 years thereafter, on, to wit, November 16, 1918. The statute of limitation of 10 years, among other defenses, was interposed. Other questions are presented on this appeal, but upon a consideration of this defense we are persuaded, under the evidence in the cause, that it is decisive of the present appeal adversely to the appellee, and the other questions are therefore pretermitted.

[1, 2] The burden of proof was upon the plaintiff to show facts which would avoid the plea of the statute of limitation. Forbes v. Plummer, 198 Ala. 162, 73 South. 451. The statute of limitation was sought to be avoided by proof of partial payment within the period of bar, and the pivotal question here is whether or not the plaintiff has carried the burden resting upon him. In a consideration of this question it must be remembered that it is not the mere payment itself which interrupts the running of the statute, nor a mere credit or payment on the indebtedness; the payment must be voluntary and must be the act of the debtor himself. This was pointedly demonstrated in the case of Royston v. May, 71 Ala. 398. There the debtor owed more than one debt to the creditor, and a partial payment was made, but without direction as to its application, and the creditor himself made the application. It was held that such application by the creditor, being his act, and not that of the debtor, did not interrupt the running of the statute of limitation upon the debt to which the payment was applied. The logic of the decision is better illustrated by the following quotation from the opinion in that case:

"The reason and principle on which a partial payment operates to take a debt without the

statute of limitations is that by the payment the party making it intends to acknowledge and admit the greater debt to be due; and, as it said in U. S. v. Wilder, 13 Wall. 254, 'if it was not in the mind of the debtor to do this, then the statute, having begun to run, will not be stopped by reason of such payment.' * * * And Erskine, J., said: 'In order, by a part payment, to take a case out of the operation of the statute, the payment should be made on account of the particular debt; the reason is that the payment is taken as an acknowledgment, and therefore the intention of the party making it is material.' "

It is not a mere payment that interrupts the running of the statute of limitations. The payment must be a partial payment of a debt the debtor recognizes as subsisting and intends to extinguish in part. If this does not appear, an acknowledgment of an existing liability and a willingness to make further payment is not shown, and the running of the statute is not interrupted. See Minniece v. Jeter, 65 Ala. 222; Royston v. May, supra.

The holding of this court in the Royston Case, supra, is supported by the overwhelming weight of authority, and is rested upon sound reasoning. 17 R. C. L. 923, 924; Holmquist v. Gilbert, 41 Colo. 113, 92 Pac. 232, 14 L. R. A. (N. S.) 479; Cashmar Supply Co. v. Dowd, 146 N. C. 191, 59 S. E. 685, 14 Ann. Cas. 211; Regan v. Williams, 185 Mo. 620, 84 S. W. 959. 105 Am. St. Rep. 600.

[3] The payment, as the authorities hold, must be voluntarily made by the debtor or in pursuance of his direction, and a payment made by a sale of his property on execution or other legal process or by foreclosure proceedings will not suffice to remove the bar of the statute of limitations. 17 R. C. L., supra.

[4] We infer from the brief of counsel for appellee, in reply to the insistence of appellant's counsel upon the question of the statute of limitations, that he relies largely upon the credits given on the indebtedness in the year 1909. A careful reading of the evidence is persuasive that no such voluntary payment was made by the debtor so as to come within the principle of the foregoing authorities. Defendant testified that in that year he had moved to another place, and, referring to the property received by the plaintiff, he testified "that it was taken" from him, and, indeed, the plaintiff corroborated this statement in that in speaking of this property he uses similar language. This property was embraced in the mortgage, and we gather from a reading of the testimony that it was taken by the plaintiff from the defendant under the assertion of the right of mortgagee, and in the nature of a foreclosure thereof. There was no agreement as to the valuation, nor, indeed, does it appear that the property was acquired by defend-

ant's consent. It may be inferred that no objection was offered, and the utmost that may be said is that he acquiesced in its acquisition by plaintiff.

When we consider the underlying principle on which partial payment operates to take an account from without the statute of limitations, it readily appears that this evidence did not suffice for that purpose. It shows no voluntary payment made on a particular debt, such as to create by implication an admission on the part of the debtor the actual existence of the balance due. We will not discuss the evidence further in detail. It has been read and considered by the court in consultation, and the conclusion has been reached that the plaintiff has failed in his burden of proof to bring the case within the statute of limitation pleaded, and that the court below committed error in the judgment rendered.

The cause having been' tried before the court without a jury, the judgment of the court below will be reversed, and one here rendered in appellant's favor.

Reversed and rendered.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.