Submitted on brief, at Pendleton, by appellant and argued by respondent October 31, affirmed November 22, 1927.

## DE HAVEN & SON HARDWARE CO. *v.* HERBERT GELLANDERS.

(261 Pac. 63.)

**Limitation of Actions—Vendor's Retaking and Resale of Property and Application of Proceeds on Purchaser's Note Held not Equivalent to Payment by Purchaser, Tolling Statute (Or. L., § 25).**

Conditional vendor's taking of possession and sale of property and its application of proceeds of resale on conditional purchaser's note *held* not equivalent to a voluntary payment by purchaser on such note sufficient, under Section 25, Or. L., to toll statute of limitations.

---

Limitation of Actions, 37 C. J., p. 1155, n. 98, p. 1156, n. 8 New, p. 1160, n. 83 New.

Sales, 35 Cyc., p. 667, n. 19.

---

From Umatilla: GILBERT W. PHELPS, Judge.

In Banc.

This is an action upon a written instrument which is in the form of a promissory note combined with the terms of a conditional sales contract. The instrument was executed by defendant on April 4, 1918, and contains an express promise on defendant's part to pay plaintiff, on or before May 1, 1919, the sum of $553.78 with interest, as the consideration agreed to be paid for the conditional sale and delivery of "one empire milker and 3½ horse empire engine," under a stipulation that the title should not pass until the purchase price had been paid in full. The instrument further provided that upon defendant's default,

---

Application by creditor of proceeds of security as part payment reviving or extending limitations upon debt, see notes in 14 Ann. Cas. 980; 12 L. R. A. (N. S.) 1032; 14 L. R. A. (N. S.) 843; 27 L. R. A. (N. S.) 843; L. R. A. 1916A, 734; 10 A. L. R. 838; 25 A. L. R. 58. See, also, 17 R. C. L. 924, 931.

plaintiff should have the right to retake possession and sell the same at either public or private sale and should apply the net proceeds thereof toward the payment of the note. It also expressly reserved in the holder of the note ''a right of action for any unpaid portion thereof after making such sale.''

It is alleged in the complaint that the defendant made two payments of $50 each, one on April 12, 1918, the other on May 15, 1918, and that, on or about November 3, 1919, plaintiff ''was compelled to and did repossess itself of the said empire milker'' and sold the same at private sale receiving therefor the sum of $75, and duly credited said sum on said note. It is further alleged that, on or about May 10, 1920, plaintiff took possession of the said ''3½ horse-power engine'' and sold the same for $75 and gave credit on the note for that amount, and that on June 17, 1925, plaintiff took possession of ''the reducing tees and junk pipe,'' which, it is alleged, were a part of said empire milker and empire engine, and sold the same for the sum of $5.50, which sum was also credited on said note.

Defendant demurred to the complaint on the ground that the action was not commenced within the time limited by the Code. The demurrer was sustained and plaintiff having refused to further plead, an order was made dismissing the action. From this order defendant appealed.                    AFFIRMED.

For appellant there was a brief over the names of *Messrs. Vinton & Tooze* and *Mr. Eugene E. Marsh.*

For respondent there was a brief over the name of *Mr. Will M. Peterson,* with an oral argument by *Mr. George R. Lewis.*

RAND, C. J.—It appears from the complaint that the last payment on the note in question which defendant made personally to plaintiff was made on May 15, 1918, and that this action was not commenced until more than six years thereafter and, hence, under our statute, an action upon the note is barred, unless plaintiff's application of the proceeds received from the sale of the property is such a part payment as would . interrupt the running of the statute. Plaintiff contends that by the very terms of the written instrument itself, defendant constituted plaintiff as his agent and authorized plaintiff upon defendant's default to reclaim possession of and sell the property and to apply the net proceeds realized therefrom as part payment of plaintiff's claim, and that the effect of such payments is the same as if they had been personally made by the defendant, while defendant contends that, in receiving and applying the net proceeds arising from the sale of the property, plaintiff was not the agent of defendant and that the payments were not voluntary and did not have the effect of tolling the statute. This presents the question of whether under a conditional contract of sale, the vendee may constitute his vendor as his agent to reclaim possession and sell the property, upon his default, and by a mere application of the proceeds toll the statute.

Section 25, Or. L., reads: "Whenever any payment of principal or interest has been or shall be made upon an existing contract, whether it be bill of exchange, promissory note, bond, or other evidence of indebtedness, if such payment be made after the same shall have become due, the limitation shall commence from the time the last payment was made."

It was held in *Dundee Investment Co.* v. *Horner,* 30 Or. 558 (48 Pac. 175), that this statute:

"does not change the rule that a part payment must be made under such circumstances as will amount to a continuation of the original promise. It simply declares the effect of a payment to be the establishment of a new point of time from which the statute shall run. * * But, in order to have that effect, the payment must have been made by some one who is authorized to consent to the continuation of the original liability."

In *Harding* v. *Grim,* 25 Or. 506 (36 Pac. 634), it was held that:

"The law is settled that where a specific sum of money is due upon a promissory note, a payment of a part of the debt is a sufficient acknowledgment to authorize the presumption of a promise to pay the remainder; but to raise an implied promise from a part payment of a debt, which will prevent the debtor from availing himself of the bar of the statute, it must appear to have been made and intended as an unqualified part payment of the debt in suit. 'It must be shown to be a payment of a portion of an admitted debt and paid to, and accepted by, the creditor as such, accompanied by circumstances amounting to an absolute and unqualified acknowledgment of more being due, from which a promise may be inferred to pay the remainder. * * Part payment of a debt is not, of itself, conclusive to take the case out of the statute. In order to have that effect it must not only appear that the payment was made on account of a debt, but also on account of the debt for which action is brought, and that the payment was made as a part of a larger indebtedness, and under such circumstances as warrant a jury in finding an implied promise to pay the balance.': Wood on Limitations, § 97; *Shaffer* v. *Shaffer,* 41 Pa. St. 51; *Sears* v. *Hicklin,* 3 Colo. App. 331 (33 Pac. 137). The

principle upon which a part payment by a debtor will remove the bar of the statute is that it amounts to an acknowledgment of the debt, from which the law implies a new promise founded upon the old consideration. 'But such acknowledgment,' says Mr. Greenleaf, 'ought to contain an unqualified and direct admission of a present subsisting debt, which the party is liable and willing to pay."

Applying the rule thus stated that, in order to have the effect of tolling the statute, "the payment must have been made by some one who is authorized to consent to the continuation of the original liability," the question is, was plaintiff thus authorized, and this must be answered by the terms of the contract itself and the circumstances surrounding its making. The property mentioned in the contract -belonged to the plaintiff and the title thereto never passed to the defendant. It was plaintiff's property at the time the contract was entered into and continued to be such at the time of the sale. Defendant had the right to acquire title to the property by paying the purchase price according to the terms of the contract, and, in case of his default, he had the right to have it sold and the proceeds applied in diminution of the amount of his indebtedness but such rights were conferred by contract and not because of any ownership or right in the property possessed by the defendant. By his contract, defendant authorized plaintiff, upon his becoming in default, to retake possession of the property, to sell it and apply the net proceeds toward the payment of his indebtedness, but he gave no authority to plaintiff to acknowledge the existence of his indebtedness or to assent to its continuance as an existing indebtedness. The only authority that defendant ever conferred upon the plaintiff was conferred at the same time plaintiff executed the contract and note

and this was more than six years before the commencement of the action. The authority was as old as the note and contract and it was a limited authority. It did not create the relation of principal and agent. In taking the steps provided for in the contract, that is, in selling the property and applying the proceeds, plaintiff was acting for itself and was dealing with its own property and paying its own money in part payment of the indebtedness owed by defendant. The authority conferred did not extend to the making of any new promise by plaintiff on behalf of defendant to plaintiff when the application of the proceeds was made. It was not like a case where property of the defendant had been delivered to a third person with instructions to sell and pay over the proceeds to the plaintiff. In such case, it would have been defendant's property and defendant's money and its payment over to plaintiff would have been a payment by defendant. In the instant case it would be a fallacy to say that plaintiff was the agent of the defendant so as to authorize it to make, on behalf of defendant, either an acknowledgment of the existing indebtedness or a promise to pay defendant's indebtedness to plaintiff.

"There is some little conflict, but the great weight of authority is to the effect that the application of the proceeds of a mortgage foreclosure, to the payment of a note, or the proceeds of the sale of securities hypothecated at the time of making of the note, does not toll the statute. Such payment does not constitute a new promise, or a new acknowledgment of the indebtedness, but is only an enforcement of the original obligation and promise." *Berry* v. *Oklahoma State Bank,* 50 Okl. 484 (151 Pac. 210, L. R. A. 1916A, 731).

*Brown* v. *Latham* was a case where the defendant, at the time of making a note, had delivered to the plaintiff certain collateral securities and authorized the plaintiff to collect and convert them into money and apply the proceeds in payment of the note. It was contended there as here that the application of the proceeds realized from the sale of the securities would interrupt the running of the statute. In disposing of the case, the court said (58 N. H. 30, 42 Am. Rep. 568):

"He (the defendant), in fact, made an assignment of that part of his property for the payment of the plaintiff's debt. He was the assignor, the plaintiff the assignee; and it is the same in principle as if he had made an assignment of all his property for the benefit of all his creditors. This was the whole extent of his contract, and the limit of the plaintiff's authority. The plaintiff's right, in this case, to receive the proceeds and to apply them in part payment, and his exercise of that right within six years of the date of the writ, were neither a promise made by the defendant within that time to pay the residue of the debt, nor an acknowledgment made by the defendant within that time of his liability and willingness to pay the residue, nor evidence from which it can be inferred that within that time the defendant made, or intended to make, or was understood to make, such promise or acknowledgment. * * The placing of the security in the plaintiff's hands was of no greater force or effect than the giving of the note itself. It was not understood or intended to be a future promise, or a future acknowledgment of a future liability and a future willingness to pay. * * When the defendant placed the collateral in the plaintiff's hands, he conferred upon him authority only to collect and apply the proceeds upon his note. He made the plaintiff his agent for that purpose alone. * * There is a material difference between receiving a payment, and making one.

The plaintiff's authority was not to make a payment of the proceeds, but to receive them in payment; and, whether what he did was receiving a payment or making one, it was not done by the defendant, or by his authority, within six years of the date of the writ.''

In *Wolford* v. *Cook,* 71 Minn. 77 (73 N. W. 706, 70 Am. St. Rep. 315), cited in the note to *Brooklyn Bank* v. *Barnaby,* 197 N. Y. 210 (90 N. E. 834, at page 844 of 27 L. R. A. (N. S.), it was said:

"It has been held, or at least intimated, in some cases, that a sale of collaterals made within a reasonable time after they are deposited with the creditor, and the application of the proceeds on the debt, will operate as a part payment at the date of the receipt of such proceeds, so as to interrupt the operation of the statute. This doctrine rests upon the mistaken idea that the creditor is thereby made the agent of the debtor for the collection or sale of the collaterals, ignoring the fact that the creditor cannot be made the agent of the debtor to such an extent as to make an act done by him operate as a new promise to himself, without which element a payment can never operate to remove the bar of the statute.''

See other cases cited in the note holding to the same effect, as well as the principal case under which the note appears, the second point in the syllabus of which reads as follows:

"The exercise by a bank of its contract right to sell collateral, and apply the proceeds on a note held by it, is not a payment which will extend the limitation period upon the note, although it has not yet expired.''

In *Wanamaker & Brown* v. *Plank,* 117 Ill. App. 327, the court said:

" * * We are aware of no principle of law which makes the holder of collateral security placed in his hands coincident with the making of a note thereby secured, an agent of the debtor with authority to bind him by a new promise to be implied from a payment of which the actual debtor is ignorant, having no knowledge as to when it is made or in what amount or that it is to be made at all by the security holder. Such holder of collateral security, if it be conceded that he possesses any authority as agent of the debtor, cannot in the absence of express warrant be presumed to have authority to make acknowledgment of a debt barred by the Statute of Limitations, nor to enter into a new contract springing out of and supported by the original consideration. The bare authority to make the payment does not necessarily imply authority to bind a principal by a new promise to pay."

The rule is stated in 1 Wood on Limitations (4 ed.), Section 102, as follows:

"A payment made upon a note by the sale of collaterals, deposited with the creditor by the debtor at the time a note was given, will not operate to suspend or defeat the operation of the statute, even though it is evidence that an immediate sale of the collaterals was not contemplated by the parties."

Citing *Lyon* v. *State Bank*, 12 Ala. 508; see, also, 37 C. J., p. 1154, Section 361, and the exhaustive annotation to the case of *Howard* v. *Pritchett*, 207 Ala. 415 (92 South. 782, 25 A. L. R. 55).

The application by plaintiff of the net proceeds realized from the sale of the personal property sold upon condition in the instant case is analogous to the application of proceeds realized from the sale of collateral securities given to the holder of a note at the time of its making and we think should be governed by the same rule. While such payment by virtue of

the original obligation would operate as a part payment of the note, yet under the great weight of authority a payment thus made does not operate to interrupt the running of the statute, because at the time of its application the conditional vendor was not authorized to do anything more than to apply the proceeds as a part payment of the note and had no present authority to make a new promise to itself, either to consent to the continuation of the original liability or to acknowledge on behalf of the vendee the existence of a present indebtedness. For these reasons, the judgment appealed from must be affirmed.                                Affirmed.

Belt, J., did not participate in this opinion.