(127 So. 550)

## McLEAN v. FIRST NAT. BANK OF MONT-GOMERY.
### 3 Div. 901.

Supreme Court of Alabama.
March 13, 1930.

Rehearing Denied April 17, 1930.

104

Joseph R. Bell and R. L. Goldsmith, both of Hayneville, and Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellant.

Powell & Hamilton, of Greenville, and Steiner, Crum & Weil, of Montgomery, for appellee.

BROWN, J.

The appellee sued the appellant as an indorser on a promissory note made by one C. G. Rives, Sr., on the 1st of December, 1921, payable to appellant on December 1, 1922, and indorsed by appellant, who negotiated the note to the Exchange National Bank; that bank thereafter transferring the note to the appellee.

The suit was commenced on February 1, 1929, more than six years after the due date of the note.

The defendant, along with the plea of the general issue, pleaded the statute of limitations of six years.

The plaintiff, after filing a general replication, filed six special replications designated (a), (b), (c), (d), (e), and (f), to the defendant's plea of the statute of limitations.

Demurrers filed to replications (a), (c), (d), (e), and (f) were overruled, and these rulings are made the basis of several of the assignments of error. Replications (a), (c), (d), and (e) aver, in substance, that within six years after the maturity of the note, the maker, Rives, made partial payments thereon. The contention of the appellant is—and he saved the point by a specific ground of demurrer—that such payment did not suspend the operation of the statute as to the appellant, the indorser. This contention is clearly sustained by the statute, Code 1923, § 8964, which provides that: "No act, promise, or acknowl-

edgment is sufficient to remove the bar to a suit created by the provisions of this chapter, or is evidence of a new and continuing contract, except a partial payment made upon the contract by *the party sought to be charged before the bar is complete*, or an unconditional promise in writing, signed by the party to be charged thereby." (Italics supplied.) Jasper Trust Company v. Lampkin, 162 Ala. 388, 50 So. 337, 24 L. R. A. (N. S.) 1237, 136 Am. St. Rep. 33; Lowther v. Chappell, 8 Ala. 353, 42 Am. Dec. 364; Knight, Administrator, v. Clements et al., Ex'rs, 45 Ala. 89, 6 Am. Rep. 693; Howard v. Pritchett, 207 Ala. 415, 92 So. 782, 25 A. L. R. 55.

■ Although replication (f) avers that "the defendant paid the interest on the indebtedness for which the note sued on was given, accruing on to-wit: December 1st, 1923, December 1st, 1924, and December 1st, 1925," it also avers "that by reason of said payments on the indebtedness for which the note sued on was give (given), as hereinabove alleged in replication 'a' to 'f,' both inclusive, the validity of said indebtedness was acknowledged and the running of the statute of limitations from the date of the original maturity of said note was barred up to date of each of said payments, and began to run again, only from the date of such payments, and that the last of said payments was made less than six years before the commencement of this suit." The averments last quoted render the plea equivocal and uncertain as to whether the plaintiff relies on payments made by Rives or the defendant as tolling the statute of limitations, and rendered the replication subject to the demurrers interposed thereto. Scharfenburg v. Town of New Decatur, 155 Ala. 651, 47 So. 95.

■ While it may be conceded that the agreement pleaded to the effect "that the time of the payment of said note might be extended without notice," in which the defendant joined by his indorsement, would deny the defendant the right to plead his discharge, by reason of such extension within the statute of limitations, still the replication shows no extension making this waiver applicable. Little v. People's Bank, 209 Ala. 620, 96 So. 763.

This agreement, however, does not authorize the holder of the note and the payor to bind the indorser by agreement to extend the payment of the note beyond the period prescribed by the statute of limitations. This agreement embodied in the note, like the promise to pay, is barred by the statute. Cameron v. Cameron, 95 Ala. 344, 10 So. 506.

The requirement of the statute here is a new "and unconditional promise in writing, signed by the party to be charged." Code of 1923, § 8964; Jasper Trust Co. v. Lampkin, supra; Crane v. French, 38 Miss. 503; Wright v. Gardner, 98 Ky. 454, 33 S. W. 622; Id., 98 Ky. 463, 35 S. W. 1116; New York Mut. Ins. Co. v. U. S. Hotel Co., 82 Misc. Rep. 632, 144 N. Y. S. 476; Watertown Nat'l Bank v. Bagley, 134 App. Div. 831, 119 N. Y. S. 592; Moore v. Taylor, 2 Tenn. Ch. App. 556.

The effect of the holding in Ferguson v. Hill, 3 Stew. 485, 21 Am. Dec. 641, cited by appellee, is that a parol agreement between the holder and the payee, extending the time of payment of a promissory note, is binding as between the parties to such agreement, and deprives the holder of the right to sue until the expiration of the time, and is good matter for plea in abatement, if suit is prematurely brought. There is, however, nothing in this principle that tolls the statute of limitations as to a surety or indorser not a party to such agreement.

We are therefore of opinion that the court erred in overruling the defendant's demurrers to replications (a), (c), (d), (e), and (f).

Under the issues as formed by the pleadings on the trial, and the evidence offered in proof of replications (a), (c), (d), and (e), the affirmative charge for the plaintiff was given without error; but inasmuch as the case must be reversed for the errors pointed out, and the pleadings must be recast, we deem it necessary to observe that on the issue presented by the plaintiff's replication (b), alleging a partial payment by the defendant, the evidence presented a question for the jury to say whether or not the acts of the defendant in taking and pasturing the cattle covered by the mortgage secured by the note, under the arrangement of the parties, constituted a payment by him on the indebtedness, showing an intention on his part to acknowledge his liability for the balance of the indebtedness not covered by the proceeds of the sale, within "the reason and principle on which partial payment operates to take a debt without the statute of limitations," as declared in Royston v. May, 71 Ala. 398, and Howard v. Pritchett, supra.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.